OPINION of the Court, by
Ch. J. Boyxe.
On the SOth of January, 1798, Machir and M’Dowell entered into a written contract, whereby the former agreed to sell to the latter a tract of land estimated to contain 500 acres, and to convey the same by a deed, with a covenant to refund at the rate of four dollars per acre for so much as might be lost by a better claim ; and M’Dowell on his part covenanted to pay therefor ⅜½000, by instal-ments.
Some of these instalments becoming due, and not being paid, Machir brought suit at law and recovered judgments therefor. To enjoin which M’Dowell filed his bill in chancery, in substance alleging as the principal ground for relief, that it was a part of the contract that Machir should extinguish a claim held by Philip Buckner, interfering with the most valuable part o f the land ; that this stipulation having been omitted in the written agreement, he refused to sign it until Machir assured him the omission should make no difference, as he could and would quiet Buckner’s claim; that confi ding in this assurance, he signed the contract: but that Machir had not only failed or refused to, quiet Buckner’s claim, hut had relinquished to 1dm Ids -title to 100 acres of the *474 interference; and that he had purchased of Buckner the 100 acres, at the price of §1000 ; for which he firays a credit may be allowed him on the judgments at aw.
Machir, by his answer, denies that he was bound by the agreement to extinguish Buckner’s claim, or that he entered into any stipulation to be farther or otherwise answerable than according to the terms of the written agreement. He admits that after M’Dowell had purchased of Buckner the 100 acres, to be paid for upon condition Buckner’s title should prove to be the better one, he entered into a contract with Buckner, whereby he engaged to release his right to Buckner for the 100 acres, in consideration that Buckner would relinquish his claim to the balance of the interference ; but alleges that by the same contract he had secured to M’Dowell the right to contest the validity of the two claims to the 100 acres, and exhibits a written contract to that effect. He furthermore alleges that he has given to M’Dowell a credit upon the judgments at law for the 100 acres, at the rate oí §4 per acre.
On a final hearing, the court below being of opinion that M’Dowelj was entitled to a credit for the §1000 he had agreed to give Buckner for the 100 acres of land, and" the other credits admitted by Machir, being more than the amount of the judgments at law, decreed a perpetual injunction. To which decree, Machir prosecutes this writ of error.
It is not material for the court to decide how far the parol evidence in this case, were it admissible, would be sufficient in opposition to the denial of the answer, to prove that it was a part of the agreement between the parties, that Machir should extinguish Buckner’s claim: for as the statute against frauds and perjuries requires that every agreement respecting lands should be in writing, it plainly follows that the written agreement cannot he added to or varied by such evidence. Where a hill is brought for the purpose of setting aside a written agreement, which through fraud or mistake does not conform to the true intention of the parties, parol evidence is no doubt admissible: for though the statute inhibits an action from being brought to enforce an agree-inent not in writing, it does, not deny to a party the light to set aside a written agreement fp^Tfaud or mistake: But the bill in this case is evidently not fr^meef *475 for the purpose of obtaining a rescisión of the written contract, but to add to its terms by parol evidence, and to enforce it according to those terms.
It appears indeed that M’Dowell has transferred the contract with Machir to a third person by an assignmént, in which he makes himself responsible to Machir for the price. Without therefore having his assignee before the court, and obtaining his consent, had the bill been framed for the purpose, the contract could not be set aside.
The decree must therefore be reversed with costs, and the cause remanded, that a decree may be entered dissolving the injunction for the residue of the judge-ments at law, after allowing M’Dowell credits for the payment he has made, and the §400 admitted by Ma-chir for the 100 acres purchased by M’Dowell from. Buckner.