IN THE

# SUPREME JUDICIAL COURT

FOR

## THE COUNTY OF WALDO, JULY TERM, 1830.

MEMORANDUM. *Parris J.* was not present at this term.

## SAFFORD *vs.* ANNIS.

Where one granted all the growing timber on his land, and covenanted that the vendee should have seven years in which to remove it without being a trespasser; and afterwards sold the land to a stranger, without reserving the trees or giving notice of the grant;—it was held that the sale alone of the land was no breach of the covenant, the vendee of the timber not having been molested.

If land be sold with a parol reservation of the standing trees, the reservation is good, and the trees do not pass to the grantee.

THIS was an action of covenant broken, on a sealed agreement, dated *Nov.* 9, 1822, in which the tenant, reciting that he had sold to the plaintiff all the growing timber on a certain lot of land, covenanted that the plaintiff should " have seven years to get the same off in, without being subject to an action of trespass."

It appeared at the trial before the Chief Justice, that the tenant, on the 4th day of June, 1825, sold and conveyed the land in fee to a third person, without reserving the timber, or giving the grantee any notice of the plaintiff's title to it; and that it passed in the same

manner through several mesne conveyances, till *Sept.* 29, 1828, when it was again conveyed to the tenant.

It appeared further, that the plaintiff continued, for a long period, to cut and carry off the timber, at his pleasure ; and that he was never forbidden so to do, till after the commencement of this action ; which was prior to the last conveyance to the defendant ; when the person who then owned the land forbade the plaintiff's entry, and threatened him with a suit if he should persist in attempting to take away the timber.

Upon this evidence the Chief Justice ordered a nonsuit, subject to the opinion of the court, upon the question whether the action was maintainable.

*J. Thayer,* for the plaintiff, argued that the sale of the land without any reservation of leave for the plaintiff to enter and remove the trees, was a breach of the contract, as it put it out of his power to obtain them without committing a trespass.    And his remedy was perfect as soon as the defendant conveyed the land.    He was not obliged to wait till he was prosecuted ; for in the mean time the defendant might die, or become insolvent.    *Newcomb v. Bracket,* 16 *Mass.* 161 ; *Webster v. Coffin,* 14 *Mass.* 196.

*C. Porter,* for the defendant, cited *Cook v. Stearns,* 11 *Mass.* 537 ; *Clapp v. Draper,* 4 *Mass.* 266 ; *Gardiner Manuf. Co. v. Heald,* 5 *Greenl.* 386.

MELLEN C. J. delivered the opinion of the Court in *Cumberland,* at the the adjournment of *May* term, in *August* following.

We do not deem it of importance to decide whether the instrument declared on amounts to a grant, a lease, or a license ; the covenant it contains, in connexion with the facts reported, is all which now requires examination.    The language of this covenant respecting the timber sold, is, that " the said *Safford* is to have seven years to get the same off in, without being subject to an action of trespass."    Had this covenant ever been broken on the part of the defendant, prior to the commencement of the action ?    For more than five years the plaintiff continued to cut and carry away the timber to which the covenant related, at his pleasure ; and it does not ap-

22

pear that he was forbidden by the defendant or either of the persons claiming under him, until sometime after the date of the writ; and no facts appear in the case showing that any one ever intimated a disposition to interfere and prevent him from enjoying all his rights under the covenant without molestation, and even without the expression of a doubt as to the nature and extent of those rights. It is true that after the commencement of the action, the person who then owned the land forbade the plaintiff's entry and denied his right to the timber, and threatened him with a prosecution, in case he should enter and cut any; but whatever might have been the effect of this proceeding, had it taken place before the suit was instituted, it is clear that it cannot avail the plaintiff in the present case, which must be decided according to the facts as they stood on the day of the date of the writ.

But it is contended that the defendant violated his covenant by conveying the land, on which the timber was standing, without a reservation or exception of the timber which he had previously sold to the plaintiff. This objection is founded on a construction of the covenant which seems broader than the parties could have intended; but if the purchaser had notice that the plaintiff was the owner of the timber, it would have been as effectual as an exception in the deed; and as the plaintiff contends that the covenant was broken by the conveyance made by the defendant, he should prove also that the purchaser had no such notice, in order to render the conveyance a breach of the covenant. But if the covenant was as extensive as the plaintiff supposes, and if it was broken, what damages had he suffered at the time he commenced the present action? There is no proof of any; and, of course, only nominal damages could be recovered. The plaintiff would gain nothing by a new trial; and in such circumstances the court are not in the habit of setting aside a nonsuit and sending the cause to trial for the purpose of giving the plaintiff an opportunity of recovering nominal damages only, when substantial justice has been done already, and when also we doubt seriously whether the action is maintainable on any principle. See *Boyden v. Moor*, 5 *Mass*. 365.

*Judgment for the defendant.*