MARTIN O. WALKER, Appellant, against DANIEL McDONALD, Respondent.

APPEAL FROM THE DISTRICT COURT OF RICE COUNTY.

Nothing is admitted in an answer in a Justice's Court by a failure to reply, save a counter claim.

The District Court may, upon certiorari, reduce the judgment of a Justice of the Peace, where the record discloses a mere mistake in figures.  This power is given by *sec.* 133, *p.* 516, *Stat. of Min.*

A lessor and lessee had settled for the lease of a tenement, and the lessor had agreed that the lessee might occupy the premises for a short time longer at the same rent, when a stranger to the lessor, who had nothing to do with the agreement, remarked to him, " If you will let mother (the lessee) stay, I will be responsible for the rent and see that it is all right."  The lessor testifies that if it had not been for this promise, he would not have allowed the lessee to remain.  *Held* that admitting that this promise was an essential ground of the credit given to the lessee, and made at the same time with the principal contract, it required no other consideration than that waving between the creditor and the original debtor, but to give such a promise validity it must be in writing and in some way express the consideration.

Points and authorities of Appellant.

*First.*—As it does not appear affirmatively by the return of the Justice that any objection was made to the declaration, or to the admission of evidence relative to any of the items of the Plaintiff's account under it—nor that an oral reply, denying all or a portion of Defendant's counter claim, was not put in—nor that all the evidence is stated in the return; the proceedings of the Justice will be presumed to be regular. Pleadings and proceedings in a Justice Court are and should be treated with great liberality, and every warrantable intendment made in favor of their regularity. *Sec.* 26, *p.* 501; *sec.* 35, *p.* 502; *sec.* 133, *p.* 516, *Comp. Stat.; Stratton vs. Com.*

10 *Metcalf*, 217*:* *Cousins vs. Corning*, 23 *Pick.* 215; *Martin. vs. Beckwith*, 4 *Mis.* 222; *Stafford vs. Williams & Kellogg*, 4 *Denio*, 182; *Low vs. Payne*, 4 *Coms.* 247; 5 *Barb. S. C. Rep.* 607; 21 *Wend.* 305; *Jenks vs. Smith*, 1 *Com.* 90.

*Second.*—Conceding, however, that the judgment exceeds the amount recoverable under the pleadings by one dollar, certainly the Court will not subject the parties to the expense of proceedings *de novo* for the purpose of correcting so trifling an error. The language of the Statute is exceedingly liberal, and seems to have contemplated any judgments which the rights of parties may require, although differing from that rendered by the Justice.

*Third.*—At common law the writ of *certiorari* brought up the record only ; by *sec.* 30, *chap.* 59, *Comp. Stat.* the writ brings up the testimony also. The rule, however, governing motions for new trials, that when there is any testimony in support of the verdict, Courts will not reverse the findings of the jury upon questions of fact, is applicable to proceedings by *certiorari*, and the decisions will not be reversed merely because the appellate court has arrived at a different conclusion from the Justice as to the weight of evidence, and under Statutes substantially similar to our own it has been repeatedly held that the Supreme Court will reverse the judgment of the District Court based upon such reviewal of the decision of the Justice. *Warden vs. Beckwith*, 4 *Wis.* 222; *Noys & Pettengill vs. Hewitt*, 18 *Wend.* 141; *Baum vs. Tarpenny*, 3 *Hill*, 75; 5 *Barbour's S. C. Rep.* 283; *Stryker vs. Bergen*, 15 *Wend.* 490; 1 *John. Rep.* 505.

*Fourth.*—The question upon which the case turns is whether the agreement of the Defendant was an original undertaking or merely collateral, and therefore within the Statute of frauds. This depends solely upon the intention of the parties, and to whom the credit was in fact given, as shown by the language used, the manner in which the parties have treated the engagement, and all the circumstances surrounding the case. This is a question of fact, and has been passed upon by the Justice, and as there is evidence tending to support the decision, the judgment is not the subject of review. 2 *Story on Con.*, *sec.* 861, *note* 4; *Chitty on Con.*, *p.* 441, *note* 1; 1 *Greenl.*

*on Ev., sec.* 277, *note* 2; 2 *Parsons on Con.*, 302; *Berkheyer vs. Damsel, Smith's L. C., p.* 371, *note; Chitty on Con.*, 444 *a,* (8th *Em. ed.); Cahill vs. Bigelow,* 18 *Pike,* 369; *Tittison vs. Nettleton,* 6 *Pick,* 509; *Loomis vs. Newhall,* 15 *Pick,* 169.

*Fifth.*—The mere fact that the party deriving the benefit is also liable upon an implied contract by reason of occupying the house or otherwise, does not change the rule, provided the Defendant *is unconditionally liable.* 2 *Story on Con., sec.* 861; *Chapin vs. Lapham,* 20 *Pick.* 471; *Durham vs. Manrow,* 2 *Coms.* 541; *Wainwright vs. Straw,* 15 *Ver.* 215; *Proprietors vs. Abbott,* 14 *N. H.* 154; *Rand vs. Walters,* 11 *Cush.* 1.

In the leading case on this subject, the authority of which has never been questioned, it is said that if the language used by the party whom it is sought to hold is, " If he does not pay you I will," the agreement is collateral; but if the language is, " Let him have the goods and I will be your paymaster or I will see you paid," it is original, and not within the Statute. *Birkheyer vs. Damsel,* 1 *Smith's L. Cases, p.* 371.

*Sixth.*—The only exception taken at the trial was to the question on whose responsibility was the house rented. This called for a fact, rather than a conclusion of law, but if not the evidence elicited was immaterial, and courts will not reverse a judgment upon this ground only. *Prince vs. Shep-hard,* 9 *Pick.* 183, *and cases cited in note* 2.

Points and authorities of Respondent.

*First.*—The judgment of the Justice was contrary to the pleadings, the admitted facts on the record, and all the competent proofs, and therefore the order of the District Court reversing the same, was clearly correct.

1st—As to the matters involved—the question of rent aside —the only proper evidence is found in the pleadings. There being no reply, all the material allegations in the answer must, for the purposes of the action, be taken to be true. *Comp. Stat., ch.* 59, *sec.* 33, *p.* 502; *Ib., ch.* 60, *sec.* 88, *p.* 543; 5 *Sanf.* 216, 217, *Bridge vs. Payson;* 4 *Selden,* 486, *Barto vs. Hinrod; Voorhe's Code,* 214; 1 *Minn. Rep.* 225, *Taylor vs. Bissel.*

2d.—The Justice then ordained a judgment for an arbitrary amount—not only unproven, but disproved—and .so unjust and unauthorized, and was therefore well reversed. *Stat.*, *ch.* 59, *sec.* 133, *p.* 516; 1 *Min. Rep.* 43, *Martin vs. Desnoyer.*

3d.—Admitting the judgment rendered by the Justice to have been too large—without proof, and against proof, and contrary to law, the Plaintiff intimates that this Court should *chaffer* that judgment down to a lesser amount, and then affirm the remodeled judgment, "as the right of the matter may appear." But courts of review have uniformly denied that power. 8 *Howard Pr. Rep.* 377–380, *Kasson vs. Mills, and cases cited;* 5 *Hill*, 441, *Sheldon vs. Quenlen; Comp. Stat.*, *ch.* 59, *sec.* 134, *p.* 516; *Voorhis' Code*, 507; 2 *Wis. Rep.* 245, *Dykens vs. Munson; Min. Rep.* 41, *St. Martin vs. Desnoyer.*

*Second.*—1st. There was no agreement in fact, understandingly made and concluded between the `parties, that the Defendant should be bound for the payment of this rent. There was a chaffering—a casual remark of the Defendants, but nothing that could be magnified into an agreement.

2d.—But if by any means this Defendant's casual remark that he would be responsible for his mother's rent and see it was all right, can be magnified into an *agreement*, then it was at most but a parol promise to answer for the *default* of another. As where there is one party receiving the sole benefit as principal, and so would be himself liable for the debt, there the other stood in the relation of surety, and his promise made at the time the debt originates, to be responsible for payment, is in legal contemplation a special promise to answer for the default of another, and so within the Statute, and not being in writing, void. For if the party incurs thereby a debt or liability to the creditor, express or implied in law, so that he is liable to him at all, then the undertaking of another in his behalf is collateral in the sense of the Statute, and void unless in writing, expressing therein a sufficient consideration ; and this is so, although such collateral undertaking may have been the principal inducement to the credit given. Here then is the proper test. *Buckner vs. Drenell, Salkeld*, 27; 2 *Ld. Raym.* 1085; *Matson vs. Wharan*, 2 *Term R.* 80; *Forth vs. Stanton*, 1 *Wm. Sanders*, 211; *all cited in*

1 *Smith's L. Cases*, 371, 372; *Rogers vs. Kneeland*, 13 *Wend.* 114–121; *Smith's L. Cases*, 381; *Leonard vs. Viekenburgh*, 8 *John.* 29; *Cahill vs. Bigelow*, 18 *Pick. Rep.* 369–371; *Brady vs. Sackrider*, 1 *Sandf. Rep.* 514, 515; *Tilleston vs. Nettleton*, 6 *Pick.* 509–511; *Walker vs. Richardson*, 22 *Law Reporter*, 1860, *p.* 666; 39 *N. H.* 259.

3d.—The distinction taken by Plaintiff (under his fifth point and authorities,) between an express and implied liability, cannot be sustained either on principle or authority. None of the authorities there cited tend to sustain the proposition, except *The Proprietors vs. Abbott*, 14 *New Hamp.* 157, and this case would not seem to be recognized as authority now even in the State and Court where it originated. *See Walker vs. Richardson, in Sup. Jud. Court of N. H., as late as* 1860, *found in* 22 *Law Reporter*, 666, *and* 23 *Ib.* 632. And the doctrine is fully repudiated in the text and numerous authorities in 1 *Smith's L. Cases*, 380, 381; 39 *N. H.* 259, *Walker vs. Richardson;* 6 *Gray*, 446, *B. C. Company vs. Denny, before cited; and see* 21 *N. Y. Reports*, (6 *of Appeals*,) 412, *Mallony vs. Gillett.*

COLE & CASE, Counsel for Appellant.

H. C. LOWELL & Co., Counsel for Respondent.

*By the Court.*—FLANDRAU, J.  This case comes here upon an appeal from a judgment of the District Court of Rice County, reversing a judgment of a Justice of the Peace upon *certiorari.*  The complaint is upon an account for the hire of horses and carriages to the amount of $16.50, and for the rent of a house to the amount of $58.  The answer partially admits the account for the livery bill, and denies the rent, alleging that the Defendant never was tenant of the Plaintiff, but that one Rosanna McDonald was, and that she alone occupied the house for which the rent is claimed, and that she is alone responsible for the same.  It also sets up an action by the Plaintiff against Rosanna McDonald, to recover the premises for which rent is claimed against the Defendant.  The answer also sets up a counter claim for work and labor to the amount of $17.10.  No reply was filed.

Nothing is admitted in an answer in a Justice's Court by failure to reply, save a counter claim. *Comp. Stats.* 501, 502, *secs.* 25, 29, 33; 1 *Min. Rep.*, 225, *Taylor vs. Bissell.* The counter claim of the Defendant for $17.10 needed no proof, but the question of the Defendant's indebtedness for the rent must stand or fall upon the proofs, unaided by any admissions in the pleadings.

Supposing the Justice to have been right in allowing the whole of the Plaintiff's claim, he evidently fell into some error of calculation, as he rendered a judgment for $58.40, when no theory could make it more than $57.40. This, however, would not have been sufficient to reverse the whole judgment, as it is clear that it arose from mistake merely in figures, the Justice not being at liberty to reduce the amount of the the Defendant's set off.

The proper disposition of the case by the District Court, had this been the only error disclosed by the record, would have been to reduce the judgment by striking out the excess to what it should have been, under *section* 133, *page* 516, *of the Compiled Statutes,* where ample power is given to correct such errors.

The principal question, however, arises upon the liability of the Defendant for the rent. Rosanna McDonald, the mother of the Defendant, had a lease of the premises in question in 1858, under which she was to pay rent for them, at the rate of $12 per month. About the first of April, 1859, the Plaintiff and Mrs. McDonald had a settlement under the lease, in which the Plaintiff threw off all the back rent over six dollars a month, and settled at that rate. At this time Mrs. McDonald expressed a desire to remain a short time longer in the house, and the Plaintiff told her that she could remain at six dollars a month if Mr. Tapley did not send him a tenant from Hastings. The Defendant, who was a stranger to the Plaintiff, and had had nothing to do with the lease or the settlement under it, being present, remarked, " If you will let mother stay, I'll be responsible for the rent, and see that it is all right." The Plaintiff, after hearing from Mr. Tapley, met Mrs. McDonald, and told her she might remain. He also testifies that had it not been for the promise of the Defendant,

he would not have allowed her to remain.  A good deal of other testimony was given, designed to show that he had not relied upon the promise of the Defendant, and that he had done so, but I do not see that it was material in affecting the liability of the Defendant one way or the other.

It is quite clear that the contract for leasing the house was made with Mrs. McDonald.  She was paying rent at the time for the house, was in possession under the first lease, and requested to remain, and the Plaintiff told her she could remain on the same terms she had just settled for the arrearages of rent.  It was in fact a continuation, extension, or renewal of the lease under which she had previously held the house.  There can be no pretense that the house was leased to the Defendant.  His contract was, "If you will let mother stay," that is, if you will not interrupt the present relations that exist between you, keep her as your tenant, "I will be responsible for the rent, and see that it is all right."  That is, I will see that your tenant pays her rent, or, in other words, if she don't, I will.  The promise was clearly collateral to the principal obligation of Mrs. McDonald under the lease.  She could have been sued for the rent beyond a doubt.  I have no doubt from the testimony, that the promise of the Defendant was an essential ground of the credit given to his mother; and being made at the same time with the principal contract, requires no other consideration than that moving between the creditor and the original debtor.  Yet, to give such a promise validity, it must be in writing, and in some way express the consideration.

A large number of cases are cited upon the briefs of counsel on both sides, most of which I have examined.  I find no case that states the law upon this subject with more clearness than that of *Leonard vs. Vredenburgh*, 8 *John.* 29, where Chancellor Kent, at *page* 39, classifies the cases under three general heads, as follows :

"1st.—Cases in which the guarranty or promise is collateral to the principal contract, but is made at the same time, and becomes an essential ground of the credit given to the principal or direct debtor.  Here * * * is not, nor need be,

any other consideration than that moving between the creditor and the original debtor.

"2d—Cases in which the collateral undertaking is subsequent to the creation of the debt, and was not the inducement to it, though the subsisting liability is the ground of the promise, without any distinct and unconnected inducement. Here must be some further consideration shown, having an immediate respect to such liability, for the consideration for the original debt will not attach to this subsequent promise.

"3d.—When the promise to pay the debt of another arises out of some new and original consideration of benefit or harm, moving between the newly contracting parties.

"The two first classes of cases are within the statute of frauds, the last is not."

The case at bar clearly falls within the first class. It was made simultaneously with the promise of Mrs. McDonald, upon no other than the consideration of leasing her the house, and became an essential ground upon which the credit was given to her, and being in parol was void. See also *Note g, by the reporter, at the end of Leonard vs. Vredenburgh,* where a great variety of cases, bearing upon different views of the question, are collected.

I have found no case that materially changes the law as it is stated by Chancellor Kent in the case above cited, and we are all clear that his exposition of the statute is the correct one. The judgment of the Justice was erroneous in holding this to be an original undertaking on the part of the Defendant, and the District Court was correct in reversing it. The latter judgment must be affirmed.