SHERBURNE R. MERRILL AND IRA H. RAMSEY v. ZILPHA E. BLODGETT.

*Evidence. License.*

The defendant conveyed certain land to the plaintiffs in July, after which, as her evidence tended to prove, she remained in the sole posssssion thereof till October, during which time she cultivated the land and harvested the crops. Her evidence further tended to prove that the plaintiffs lived in the neighborhood and admitted her right to remain in possession and take the crops. In October the plaintiffs sued the defendant in trespass *qu. cl.* and for taking away the crops. *Held*, that in addition to, and connection with, the foregoing evidence it was competent for the defendant to prove that previous to, and at the time of the execution of her deed to the plaintiffs, it was verbally understood and agreed by them that she should remain in possession during the remainder of the season and have the crops.

This was an action of trespass *quare clausum* and *de bonis apostatis*. The defendant pleaded the general issue and it was agreed by the plaintiffs that the defendant might under said plea give evidence of any legal defence. The cause was tried by jury at the March term, 1861, POLAND, CH. J., presiding. The plaintiffs read in evidence a deed from the defendant as administratrix of her late husband, Milo B. Blodgett, to the plaintiffs of the premises in question, dated July 13, 1859.

The plaintiffs then gave evidence that the defendant after the date of this deed continued in the possession of the premises conveyed during the summer and fall of 1859, and cut and took away the crops growing thereon at the date of her deed to the plaintiffs.

The defendant claimed that she so continued in possession of said premises and in the use of them, and harvested and took the crops growing thereon by the assent and agreement of the plaintiffs, and gave evidence tending to prove that the plaintiffs, who lived in the immediate vicinity of said premises, never made any objection whatever to her doing so until about the time of commencing this suit, (Oct. 4th, 1859) and that the plaintiff, Ramsey, who had the principal management of the matter for the plaintiffs, distinctly admitted her right to remain in possession and take said crops, and endeavored to purchase of her a portion of them. The defendant then offered to prove that said premises

Merrill v. Blodgett.

were sold by her as administratrix on the 16th day of June, 1857, at public auction, and were bid off by the plaintiffs, that at the sale it was distinctly and publicly announced that the use of the said premises for that season and the crops then growing thereon were reserved by the defendant, and that afterward on the 13th day of July, when she executed the deed to the plaintiffs, it was fully understood and agreed that she was to have the use of the premises and the crops for the current year. The plaintiffs objected to this evidence on the ground that it contradicted and varied the legal terms of the deed, but the court admitted the evidence for the purpose hereinafter stated, to which the plaintiffs excepted.

The plaintiffs' evidence tended to disprove that the use of the place and crops was so reserved by the defendant, either at the sale of the farm or when the deed was made.

The court told the jury that the defendant's deed to the plaintiffs conveyed the premises with the right to immediate possession and to the crops then growing thereon, and that the same could not be controlled or varied by evidence of a parol agreement that the defendant should have the crops prior to, or at the date of the deed, but that if they found such was the understanding and agreement when the place was sold, and when the deed was given, and that the defendant remained in possession and took the crops without objection by the plaintiffs, they might regard this evidence as tending to establish that this possession and taking of crops was with the assent, and by the permission of the plaintiffs. No exceptions were taken to the charge—the jury returned a verdict for the defendant.

*William Haywood* and *Benton & Ray*, for the plaintiffs.

*George N. Dale* and *W. S. Ladd*, for the defendant.

ALDIS, J. The court admitted the evidence—not to contradict or vary the legal construction of the deed. On the contrary the jury were told that such parol agreement between the parties could not have that effect ; that by the deed the plaintiffs had the legal title to possession of the farm and to the crops.

32

Merrill v. Blodgett.

But the evidence was admitted as tending to show, in connection with the other evidence in the case, that the defendant's possession of the farm and use of the crops were by the license and assent of the plaintiffs.

The defendant's evidence proved that she remained in possession of the farm from July till October,—almost the entire season for cultivating the land,—that she cultivated and harvested the crops and had the exclusive use of the farm—that the plaintiffs lived in the immediate vicinity, knew what she was doing, never made any objection till about the time this suit was brought, (in October), and admitted her right to remain in possession and take the crops, and proposed to buy a part of the hay of her. This it is admitted tends to show the assent and license of the plaintiffs to the acts now claimed by them to be torts.

We think proof, that the plaintiffs at the time they took their deed of the defendant, agreed that she might so remain and take the crops, tends strongly to show their assent to such her subsequent acts and strengthens materially the other evidence to establish their assent.

It does not seem to us that it is material to show that such assent or license was given after the deed was made. If given before, and in contemplation of obtaining the title, it operates to justify the party who, in faith of it, acts upon it. The party who gives the license, or makes the agreement which in law operates as a license, may perhaps revoke it—if he revoke before the other has acted upon it so far as to make a revocation of it unjust. But if he does not revoke and the other with his knowledge acts under it, the acts so done are clearly justifiable under the agreement or assent so given to them. Clearly the agreement may well be proved—not as being in conflict with his rights as owner under the deed, but as being consistent with such rights, and an act done in the exercise of them and in contemplation of their accruing. This was the view taken by the county court, and we think was right. The authorities cited by the plaintiffs' counsel only establish the position which the court below fully recognized, that the plaintiffs had by the deed the legal title to the crops.

Judgment affirmed.