WILLIAM COCKRILL v. JOHNSON DOWNEY.

*Error from Marshall County.*

The policy of our registration acts, is to make title to real estate depend on written deeds, leaving the smallest margin for parol contracts and reservations.

An absolute, unconditional deed of land, carries all growing and standing timber thereon; and *semble*, down timber, where the roots are attached to the earth; so *held* in an action for trespass in carrying away timber from lands deeded by defendant, he claiming a verbal reservation of the timber.

The opinion of the court contains a sufficient statement of the facts of the case.

*J. D. Brumbaugh*, for plaintiff in error.

*G. W. Glick*, for defendant in error.

*Brumbaugh* contended:

That an answer should have been filed by defendant, in the district court. (*Rule* 15, *Sup. Ct.*) In absence of an answer, no evidence could properly be admitted where objection was interposed, as in this case. The dead and down timber passed in the deed from defendant. It was error for the court below to admit parol evidence of reservations varying the deed. 13 *U. S. Dig.*, 175; 2 *id.*, 58; 8 *id.*, 96; 16 *id.*, 197; 2 *Penn.*, 726; 9 *Wis.*, 379; 1 *Greenl. Ev.*, 281; 11 *Conn.*, 525; 19 *Vt.*, 379; 2 *Foster N. H.*, 538; 10 *id.*, 558; 9 *Cow.*, 665; 1 *Den.*, 550; 2 *Sandf. Ch.*, 364; 3 *N. H.*, 503; 6 *Cow.*, 665; 6 *Seld.*, 114; 6 *Greenl.*, 190; 7 *id.*, 168.

This could not be reserved by parol, any more than growing crops (8 *Mo.*, 161, 391; 20 *id.*, 457), or rails lying upon the land and not laid in a fence. *Conkling* v. *Parsons*, 1 *Chad.*, 240; 2 *Hill*, 142.

*Glick*, for defendant, contended:

1. The case is one in which no appeal was allowed

to the district court. All proceedings, therefore, subsequent to the appeal, are void. *Comp. L.*, 454, § 1; 631, § 89.

2. Down timber is personal property, and the vendor of the realty on which the timber lies, being in possession, could sell the timber, and give good title. 3 *Abb. Dig.*, 148, § 20; 3 *O. S.*, 438; 9 *Cow.*, 39; 14 *O. S.*, 558; 1 *Barb.*, 542; 8 *Metc.*, 34; 31 *Cal.*, 154.

3. The evidence was proper to show that defendant owned the down timber. 2 *Bouv.*, § 157-8-9; 11 *Eng. Comp. L. R.*, 700; 2 *Johns.*, 417; *Mott v. Palmer*, 1 *N. Y.*, 564; 2 *Blckst. Com.*, —; 1 *Barb.*, 542; *Ferrard on Fixtures*.

*By the Court,* BAILEY, J.

This was an action for trespass, commenced before Alonzo Cottrell, J. P., by plaintiff in error, against defendant in error, to recover the value of three loads of wood, hauled from the land of the plaintiff in error, by the defendant in error, claiming triple damages under the provisions of ch. 208 of the Comp. L. The action was commenced on the 28th day of December, 1866, and after several continuances, was tried by a jury, who found a verdict for the plaintiff. The defendant appealed, and the cause was again tried at the April term of the district court of Marshall county, 1867, and judgment rendered for the defendant.

The plaintiff in error, who was also the plaintiff below, now brings the case to this court to procure a reversal of the last mentioned judgment.

It appears from the bill of exceptions that the defendant, Downey, and one Abraham Gossuck, were the former owners of the land on which the alleged

trespass was committed, and that Gossuck and wife conveyed all their interest in the land to Caloni Walworth, by deed dated February 10th, 1865, and that subsequently, on the 28th of August, 1865, defendant, Downey, conveyed all his interest in said land to Walworth, without any reservation whatever, and that said Walworth conveyed the land to plaintiff by deed of warranty, without reservation.

On the trial, the defendant filed no answer to plaintiff's petition on appeal, but offered himself as a witness to prove, with others, that there was a parol reservation of the dead and down timber, in the deed from Downey to Walworth, and also in the deed from Walworth to plaintiff, Cockrill. Objection was made to this evidence, but the objection was overruled by the court, and the evidence admitted. We think the court erred in admitting the evidence. The policy of our laws, as evinced by the whole tenor of legislation as to registration of deeds and the like, is to make titles to real estate depend upon the written deeds of the parties, leaving the smallest possible margin for parol contracts, understandings and reservations.

A deed of land must be, we think, deemed to involve all timber standing or growing on it, unless specially excepted. As to trees standing and growing in the soil, we apprehend that no question would be made; but a tree may be standing and not growing, or growing in a horizontal position, not standing.

Must the law apply a different rule in each case? Suppose the case of trees prostrated by a tornado, but with roots still adhering to the soil; shall they pass by the deed, or be reserved by parol? Obviously, such trees must be considered as part of the realty, and we think that there can be no safer general rule,

than that founded on the old maxim, *"Cujus est solum ejus est usque ad cœlum,"* which may perhaps be liberally translated, "The owner of the soil owns from the center of the earth up to the sky." Various qualifications and limitations have been established as to fixtures, emblements, and the like ; but we find no judicial warrant or authority for the claims of the defendant in this case.

The judgment must be reversed, and the case remanded for a new trial.

All the justices concurring.