## McNiel et al. *v.* Davidson.

EVIDENCE.—*Admissions.—Attorney.*—In a suit by an attorney for his services, it is proper for him to testify as a witness to admissions made by the defendants, as to the amount realized by his successful defence of the action in which he was employed by them.

SAME.—*Opinions.*—There is no error in excluding evidence of a witness as to the value of services rendered by an attorney in a case, from his knowledge of what the services were, when he has stated that he cannot say what a reasonable fee would be; nor is it error to exclude such testimony, when it has not been shown that the witness offered is competent to state such value. Other persons, having knowledge on the subject, are competent witnesses, as well as lawyers. But a mere opinion is not evidence. There must be knowledge of facts which will give value to the opinion.

APPEAL from the Montgomery Common Pleas.

DOWNEY, J.—This suit was brought by the appellee against the appellants in the common pleas of Fountain county, and, after a change of venue, was tried in the common pleas of Montgomery county. The plaintiff recovered a verdict for nine hundred and ninety-nine dollars; there were successive motions for a *venire de novo*, for a new trial, and in arrest of judgment, all of which were overruled, and the defendants excepted. Judgment was then rendered.

McNiel *et al. v.* Davidson.

The complaint was for services rendered by the plaintiff, as an attorney in certain enumerated actions, in pursuance of a written contract, alleged to have been worth two thousand dollars. Answer, general denial and payment. There was a demurrer to the complaint by the defendants, which was overruled, and this is assigned for error; but it is not urged here in argument, and we see no defect in the complaint. We may say the same as to the motion for a *venire de novo,* and in arrest of judgment. Several questions are presented, under the alleged error in refusing a new trial, which we will proceed to examine.

The first point relates to the refusal of the court to suppress certain depositions. But it is not shown by the bill of exceptions that any such motion was made when it should have been made, and for this reason we cannot say that there was any error. Such motions, as a general rule, must be made before entering into the trial. Sec. 266, 2 G. & H. 178.

The court allowed the plaintiff, over the opposition of the defendants, to testify to the admissions of John R. McNiel as to the amount realized by the McNiels by the defeat of the actions which he defended under the employment in question. There was no amount agreed upon which the plaintiff was to be paid for his services in defending the suits. It seems to us that the benefits conferred by the services of the attorney were proper to be considered in determining the amount of the compensation. It was, however, only one of the elements or circumstances entering into the question. The same may be said of the testimony of another witness on the same subject.

The defendants introduced Judge Cowan, who presided in the circuit court in which the suits in question were tried, and he testified to the various steps taken in the cases, that he was a lawyer, and had been judge for twelve years, and acquainted with the services rendered, but could not say what a reasonable attorney's fee would be; and they then asked him

his opinion, from his knowledge of the services rendered, what they were worth, expecting to prove by him that they were worth only two hundred dollars. The plaintiff objected to his testifying, on the ground that he was not an expert, and his testimony was excluded. The defendants reserved the question. We do not regard the question as to the value of services by an attorney as one of science or skill for the testimony of experts. Any one who knows what the customary and usual charges of lawyers are can testify. But Judge Cowan having expressly said that he could not state what would be a reasonable fee, on account of the length of time since he had practised, we cannot say that it was error to refuse to take his mere opinion, not based on any knowledge of the customary charges then prevailing.

John R. McNiel and Scott McNiel, defendants, having testified to the facts with reference to the services rendered, were not allowed to give an opinion as to the value of such services, and this point was reserved by proper exception.

These witnesses were not requested to state, and did not state, whether they had any knowledge as to the usual amount charged for attorney's fees or not. The compensation to an attorney, for services rendered, should, like the pay for services of any one else, be fixed, in the absence of a special agreement relating thereto, by the usual and customary rate of charges for similar services, and not by a mere opinion, not based upon any facts. It is not a question, however, upon or with reference to which lawyers alone can testify. But as it was not shown that the defendants had any knowledge on the subject, we cannot say that it was error to refuse to allow them to give a mere opinion.

There is a question whether the written reasons for a new trial are properly in the record or not; but we have regarded them as being properly part of the record.

Affirmed, with costs.

*G. McWilliams,* for appellants.

*T. F. Davidson,* for appellee.