W. H. SHIELDS, Administrator, v. MEDORA B. HARRISON and others.

*Practice—Sale Under Decree of Court—Purchaser—Notice.*

1. Where a sale of land was made pursuant to a regular decree of a Court directing a sale subject to the widow's dower, and at the time of the sale the auctioneer announced the terms of the sale in conformity to such decree ; *Held,* that a purchaser is affected with notice and cannot be heard to deny his knowledge that the land was sold subject to dower.

2. In such case, where the auctioneer also announced that certain back taxes due on the land were to be paid by the purchaser, it is a part of the contract between vendor and vendee and the land is sold subject to the incumbrances if any there be.

3. An allegation on the part of the vendee in such case that the boundaries of the land cannot be furnished with any accuracy, may be ground for ordering a survey to locate and identify the land, but not for setting aside the sale.

MOTION to set aside a Judgment heard at Fall Term, 1876, of HALIFAX Superior Court, before *Watts, J.*

The plaintiff as administrator d. b. n. of John H. Harrison sold certain lands of his intestate for assets to pay debts and the defendant B. F. Moore, Esq., became the purchaser, who afterwards moved the Court of Probate for an order relieving him from his bid and to set aside the sale, for the reason as stated in his affidavit that he labored under the

belief that the widow's dower in the land was sold with it by her consent, and was not aware that the land was incumbered by any lien for taxes.

The plaintiff's counter affidavit was to the effect that public proclamation was made at the Court House door on the day of sale, after said land was offered and before it was bid off, that it was subject to a portion of the widow's dower and certain unpaid taxes.

The motion was refused by the Probate Court, and on appeal, the Superior Court affirmed the judgment and the defendant, Moore, appealed.

*Mr. Thos. N. Hill,* for plaintiff.
*Mr. John Gatling,* for defendant.

BYNUM, J.   Where a sale of land has been made under and pursuant to a decree of a Court of record, regularly made, directing that it shall be sold subject to the widow's dower which had been theretofore duly allotted by metes and bounds, and where at the sale and after the property had been put up for sale, but before the bidding had commenced, the terms of sale were publicly announced in conformity with the decree and that the land would be sold subject to the dower, the purchaser at such sale stands affected with notice and cannot be heard to deny his knowledge that the lands were sold subject to the dower of the widow.   Public policy requires a strict adherence to this rule of constructive notice.   It could not be otherwise without the greatest embarrassment and uncertainty in the results of all public sales and dispositions of property.   The sale was made on the 8th of November, 1875, and by its terms the last and highest bidder became the purchaser.   Mr. Moore became the last and highest bidder and it is not denied by him that the land was knocked down to him by the auctioneer.   He therefore became the purchaser and evidently considered himself such ;

for on the 11th of January following and before any steps had been taken by the vendor to enforce a compliance with the terms of sale, he filed an affidavit before the Court which made the decree of sale, asking that he be relieved from his bid and the sale be set aside, upon the ground of his not knowing that the land had been sold subject to the dower. The administrator making the sale in like manner considered and accepted Mr. Moore as the purchaser, for he so swears in his counter-affidavit, and that he delayed filing his report of the sale sooner only because the purchaser had failed to comply with the terms of sale, and that when it became evident that Mr. Moore had declined to comply, he made his report and demanded a compliance with the terms of purchase.

After the Court of Probate had refused to set aside the sale and the case had gone up to the Superior Court by appeal, Mr. Moore there alleged other additional grounds for setting aside the bid, to-wit; that he believed upon inquiry made by him that the boundaries of neither the dower interest nor the tract purchased could be furnished with any accuracy, general or special, and also that the plaintiff had no power to sell the premises subject to any other claims except the dower of the widow.

We think that the counter-affidavit of the plaintiff sufficiently repels these allegations, if they were serious enough to affect the validity of the sale, for he avers therein that the dower was assigned by metes and bounds ascertained by actual survey, and as to the other land that the tract has natural boundaries on several of its sides and that the other lines are easily ascertainable. Such allegations might be ground for ordering a survey but not for setting aside the sale without thus attempting to locate and identify the lands sold. Nor do we see any sufficient reason for abating the price bid by deducting the amount of the back taxes due upon the land purchased. It was announced as a part of

the terms of sale that these taxes should be paid by the purchaser, and therefore it was part of the contract between the vendor and vendee, that the latter shoud pay them and the lands were sold subject to that incumbrance. There seems to have been no personal estate out of which these taxes could have been paid. They constituted a lien upon the land and could be realized out of it only. It was therefore fit and proper to sell with that stipulation, and the purchaser having been notified of the existence of the unpaid taxes and that he was to pay them in order that he might regulate his bidding according to that fact, has no just cause of complaint when he is now called upon to comply with his contract in respect to the purchase of the land and the payment of the taxes due thereon. Whether these arrears of taxes are now a lien upon the land or can be collected out of the purchaser are questions between the tax-collector and the purchaser. The contract of sale only relieves the vendor by interposing the vendee between him and the Sheriff. No sufficient foundation has been laid to warrant a reference as to the title.

There is no error.

PER CURIAM.                                   Judgment affirmed.