## JOSEPH I. THOMPSON

*v.*

## AARON W. TILTON.

By a written agreement for the exchange of lands, the complainant was to secure to the defendant for his (defendant's) use, one-half of the rye then growing on complainant's land (which was under lease), and by a simultaneous verbal agreement, the growing wheat thereon was reserved to complainant's tenant then on the premises. The deed, which was afterwards given, was a warranty deed, and contained no reservation of the crops at all, because the scrivener regarded it as unnecessary. The defendant, denying the tenant's claim to the wheat, converted it to his own use, whereupon the tenant recovered a judgment against him for its value. Then the defendant recovered a judgment at law in respect thereof, against complainant, for breach of covenant in the deed, and on that judgment a writ of error by complainant is still pending.

*Held,* that complainant having conclusively shown that the wheat was reserved at the time of the exchange, may restrain defendant from further proceeding on or enforcing his judgment at law, and that such right has not been lost by his laches.

---

Bill for relief. On final hearing on pleadings and proofs.

*Mr. J. D. Bedle,* for complainant.

*Mr. W. H. Vredenburgh,* for defendant.

Thompson v. Tilton.

THE CHANCELLOR.

The complainant, by his bill, seeks relief with respect to a contract, and the deed given by him in pursuance thereof, made in December, 1875, between him and the defendant for an exchange of properties. The complainant's property was a farm of about forty-two acres, in Monmouth county, which was then in the hands of a tenant (an under-tenant), under a lease made by him. Part of it (about thirteen or fourteen acres), had been sown by the under-tenant with wheat, and another part, of about the same size, with rye. By the written agreement between the parties, the complainant agreed to secure to the defendant, for his own use, half of the rye; but the instrument is silent as to the wheat. The defendant entered into possession of the farm in pursuance of the exchange and under his deed, in the spring of 1876. The deed conveyed the property in fee simple with general warranty, and made no reservation of the crops or any part of them. The defendant, after entering into possession, denied the right of the under-tenant or his assignees to the wheat crop,

---

NOTE.—A conveyance of lands carries therewith the growing crops, *Terhune* v. *Elberson, Pen.* *726 ; *Waugh* v. *Waugh, 84 Pa. St. 350 ; Budworth* v. *Hunter, 9 Rob.* (*La.*) *256 ; Talbot* v. *Hill, 68 Ill. 106 ; Chapman* v. *Long, 10 Ind. 465 ; Crews* v. *Pendleton, 1 Leigh 297 ; Pratte* v. *Coffman, 27 Mo. 424 ; Engle* v. *Engle, 3 W. Va. 246.* See *Evans* v. *Williamson, 43 L. T. Rep.* (*N. S.*) *719, 23 Alb. L. J. 400 ; Edwards* v. *Ranier, 17 Ohio St. 597 ;* and the grantor's possession subsequent to the deed does not affect it, *Wilkins* v. *Vashbinder, 7 Watts 378 ; Tripp* v. *Hasceig, 20 Mich. 254 ; Brooks* v. *Hyde, 37 Cal. 366 ; Pickens* v. *Reed, 1 Swan 80.*

A sale of land by the landlord during a tenancy for years, and a subsequent sale of his portion of the crop by the landlord to a third person, gives neither the purchaser of the crop, as against the vendee of the land, title to the landlord's share, nor the vendee of the land title to the tenant's share, *Moffett* v. *Armstrong, 40 Iowa 484 ; Gibbons* v. *Dillingham, 10 Ark. 9 ; Adams* v. *Leip, 71 Mo. 597.* See *Pfanner* v. *Sturmer, 40 How. Pr. 401; Hadley* v. *Barton, 47 How. Pr. 481; Jenkins* v. *McCoy, 50 Mo. 348 ; Pickens* v. *Reed, 1 Swan 80.*

A demise by a landlord who had purchased a former tenant's emblements, passes them, *Copley* v. *Enright, 7 Irish C. L. 393; Carnagy* v. *Woodcock, 2 Munf. 234;* unless reserved, which may be by parol, *Youmans* v. *Caldwell, 4 Ohio St. 71.*

A grantee's parol promise to pay the consideration to a third person, is good, *Rice* v. *Carter, 11 Ired. 298 ; Simonton* v. *Gandolfo, 2 Fla. 392 ; Mason* v. *Mason, 3 Bush 35 ; Raynor* v. *Lyons, 37 Cal. 452 ; Lee* v. *Newman, 55 Miss. 365.*

Thompson v. Tilton.

and, claiming it as his own under the deed, took it for his own
use. The under-tenant's assignees brought suit at law against
the defendant, and recovered a judgment for the value of the
crop. The defendant then sued the complainant for damages
under the covenant of warranty, and recovered a judgment
against him therefor, which is now pending on writ of error
brought by the complainant. The complainant asks that the
reservation of the wheat crop may be declared to be part of
the agreement, and of the deed from him to the defendant,
and that the defendant may be restrained from taking any
action to affirm that judgment and from collecting it. The
proof that the wheat crop was reserved for the under-tenant
was very clear. He was entitled to both crops, and the de-
fendant so understood it when the agreement was made. The
complainant swears that on the occasion when the bargain was
concluded, the defendant approached him on the subject of the
exchange, and he expressed his willingness to make it; that the
defendant then said that the under-tenant had all the place sown

---

See *Sherburne* v. *Fuller*, 5 *Mass.* 133; *Price* v. *Sturgis*, 44 *Cal.* 591; *Cooper* v.
*Landis*, 75 *N. C.* 526.

But not vendee's parol promise to sell the land and credit any profits on
such sale on an indebtedness to him, *Kidd* v. *Carson*, 33 *Md.* 37. See *Trow-
bridge* v. *Wetherbee*, 11 *Allen* 361.

A grantee in a deed may show a parol agreement, contemporaneous with
his deed, to pay off a mortgage on the premises, *Tuintor* v. *Hemmingway*, 18
*Hun* 458; *Murray* v. *Smith*, 1 *Duer* 413; *Treridick* v. *Mumford*, 31 *Mich.* 467;
*Pitman* v. *Conner*, 27 *Ind.* 337; *Thomas* v. *Hammond*, 47 *Tex.* 42; *McDill* v.
*Gunn*, 43 *Ind.* 315; *Negley* v. *Jeffers*, 28 *Ohio St.* 90; *Hoysradt* v. *Holland*, 50
*N. H.* 433. But see *Duncan* v. *Blair*, 5 *Denio* 196; *Machir* v. *McDowell*, 4
*Bibb* 473; *Howe* v. *Walker*, 4 *Gray* 318; *Sage* v. *Jones*, 47 *Ind.* 122; and taxes,
*Brackett* v. *Evans*, 1 *Cush.* 79; *Headrick* v. *Wisehart*, 57 *Ind.* 129, 41 *Ind.* 87,
48 *Ind.* 144; *Preble* v. *Baldwin*, 6 *Cush.* 549; *Landman* v. *Ingram*, 49 *Mo.* 212;
*Hersey* v. *Verrill*, 39 *Me.* 271; *Shields* v. *Harrison*, 77 *N. C.* 115; *McLennan*
v. *Cheguin*, 37 *U. C. Q. B* 301; *aliter* as to subsequent rents or taxes, *Smart*
v. *Harding*, 29 *Eng. L. & Eq.* 252; *Walker* v. *McDonald*, 5 *Minn.* 455. See
*Hand* v. *Liles*, 56 *Ala.* 143; and municipal assessments, *McCormick* v. *Cheevers*,
124 *Mass.* 262; *Swindell* v. *Richey*, 41 *Ind.* 281; *Carr* v. *Dooley*, 119 *Mass.* 294;
and judgments, *Besshears* v. *Rowe*, 46 *Mo.* 501; and pay for fixtures, *Heysham*
v. *Dettre*, 89 *Pa. St.* 506; *Hensley* v. *Brodie*, 16 *Ark.* 511; *Bostwick* v. *Leach*,
3 *Day* 476; *Mott* v. *Palmer*, 1 *N. Y.* 564. See *Noble* v. *Bosworth*, 19 *Pick.* 314;
*West* v. *Blake*, 2 *Mann. & Gr.* 729; and a subsisting lease, *Allen* v. *Lee*, 1 *Ind.*

Thompson v. Tilton.

in grain—wheat and rye; that the complainant said the tenant had no right to sow except on the ground on which he had sowed the wheat, and the defendant, in view of the fact that so much of the farm was sown, said that he would have nothing to till; that the complainant said he would guarantee to the defendant half of the ground on which the rye was, and the defendant replied that if he would do that and put it in writing, he would make the exchange, which the complainant agreed to do. The defendant got the agreement drawn, and had it so drawn as to secure to him the whole of the rye, which was not in accordance with the bargain; but he gives as his reason for having it so drawn that he intended to endeavor to induce the complainant to agree, for a further consideration, to secure to him the whole of the rye. The complainant, however, refused to sign the instrument as drawn in that respect, and himself corrected it so as to conform to the agreement. The deed contains no reservation whatever. The reason why a reservation was not inserted seems to have been that the scrivener by whom the deed was drawn

58; Bomrey v. Morrill, 57 Me. 368; and that vendee was to use a certain amount of coal annually from the land, Graver v. Scott, 80 Pa. St. 88.

A parol exception of a barn from lands conveyed by deed, is void, Detroit R. R. v. Forbes, 30 Mich. 165; Laudon v. Platt, 34 Conn. 517; Whitaker v. Cawthorne, 3 Dev. 389; or, of a gin-house, Bond v. Coke, 71 N. C. 97; or, of a saw-mill, Pea v. Pea, 35 Ind. 387; or, of a house, Gibbs v. Estey, 15 Gray 587; Duff v. Snider, 54 Miss. 245. But see Dame v. Dame, 38 N. H. 429. Or, of manure, Counce v. Foster, 9 N. H. 538; Goodrich v. Jones, 2 Hill 142; Conner v. Coffin, 22 N. H. 538; Proctor v. Gilson, 49 N. H. 62. See Ruckman v. Outwater, 4 Dutch. 581. Or, of timber, Safford v. Annis, 7 Me. 168; Warren v. Leland, 2 Barb. 613. But see Carpenter v. Ottley, 2 Lans. 451; Stickney v. Parmenter, 35 Mich. 237; Cockrill v. Downey, 4 Kan. 426; Jones v. Timmons, 21 Ohio St. 596. Or, of a partition wall, Wickersham v. Orr, 9 Iowa 253; Rice v. Roberts, 24 Wis. 461; or, of unaccrued rents, Winn v. Murehead, 52 Iowa 64; or, to obtain vendor's wife to release her dower, Martin v. Wharton, 38 Ala. 637; or, the use of a spring on the premises sold, Vermont R. R. Co. v. Hills, 23 Vt. 681; or, of a license, Voorhees v. Burchard, 6 Lans. 176, 55 N. Y. 98; Jungerman v. Boree, 19 Cal. 354; McKee v. St. Louis, 17 Mo. 184; Kent v. Kent, 18 Pick 569.

A parol agreement as to the possession of lands conveyed by deed, is good, Hersey v. Verrill, 39 Me. 271; Quimby v. Stebbins, 55 N. H. 420; Merrill v. Blodgett, 34 Vt. 480; Parsons v. Camp, 11 Conn. 525; Willis v. Hurlbert, 117 Mass. 151; Miranville v. Silverthorne, 1 Grant's Cas. 410. CONTRA, Gilbert v.

Thompson *v.* Tilton.

thought it was unnecessary, because, as he told the complainant, the agreement would protect him in that respect. After the exchange had been made, the defendant told both William W. Conover and Henry D. Hendrickson that it had been made, and that the complainant had reserved the wheat and half the rye, and Mr. Conover swears that, subsequently to the conversation with him, the defendant told him that he had got a warranty deed, and could hold the rye and all the grain, and was going to do so. William W. Conover swears that the defendant told him that the complainant reserved the grain, but had not put the reservation in the deed ; and he testifies that the defendant further said that he thought he could hold the grain, because the deed contained no reservation. The fact that the stipulation was made in the written agreement to *secure* to the defendant half of the rye, is not only evidence that the latter knew that the crops belonged to the tenant, but raises a strong inference that he was not to have any of the wheat. The weight of the evidence clearly is that he so understood it, and that, finding that under the

*Bulkley,* 5 *Conn. 262; Gough* v. *Dorsey, 27 Wis. 119; Melton* v. *Watkins, 24 Ala. 433; Drake* v. *Root, 2 Colorado 685; Loomis* v. *Loomis, 60 Barb. 22; Jones* v. *Timmons, 21 Ohio St. 596; Howard* v. *Easton, 7 Johns. 205.* But not as to the right of rescission or re-purchase, *McEwan* v. *Ortman, 34 Mich. 325; Graves* v. *Graves, 45 N. H. 323; Sennett* v. *Johnson, 9 Pa. St. 335; Pattison* v. *Horn, 1 Grant's Cas. 301; Peacock* v. *Nelson, 50 Mo. 256; Beers* v. *Beers, 22 Mich. 42; Burrell* v. *Root, 40 N. Y. 496; Wemple* v. *Knopf, 15 Minn. 440; Ahrend* v. *Odiorne, 118 Mass. 261; Bonham* v. *Craig, 80 N. C. 224; Ballard* v. *Bond, 32 Vt. 355; Campbell* v. *Campbell, 2 Jones Eq. 364; Gallagher* v. *Mars, 50 Cal. 23.* But see *Greenawalt* v. *Kohne, 85 Pa. St. 369; Boyd* v. *Stone, 11 Mass. 342; Arrington* v. *Porter, 47 Ala. 714; Davis* v. *Inscoe, 84 N. C. 396; Lee* v. *Lee, 11 Rich. Eq. 574;* and an agreement not to carry on the same business as had been carried on in the premises sold, *Pierce* v. *Woodward, 6 Pick. 206; Leinau* v. *Smart, 11 Humph. 309; Fusting* v. *Sullivan, 41 Md. 162; Warfield* v. *Booth, 33 Md. 63; Bostwick* v. *Leach, 3 Day 476; Gottschalk* v. *Witter, 25 Ohio St. 76; Whitaker* v. *Welsh, 2 Pug. 436; Perkins* v. *Clay, 54 N. H. 518;* and a contract to repair, *Manning* v. *Jones, Bush. 368; Buzzell* v. *Williard, 44 Vt. 44.* See *Buttemere* v. *Hayes, 5 M. & W. 456; Nicoll* v. *Burke, 78 N. Y. 580; Cleves* v. *Willoughby, 7 Hill 83.*

That a parol reservation of crops from a written contract of sale or deed for the lands whereon the crops are growing, is void, see *Vanderkarr* v. *Thompson, 19 Mich. 82; Bloom* v. *Welsh, 3 Dutch. 179; Brown* v. *Thurston, 56 Me. 126; Smith* v. *Price, 39 Ill. 28; McIlvaine* v. *Harris, 20 Mo. 457; Harbold* v.

Thompson v. Tilton.

covenants in the deed he could hold the complainant liable at law for the wheat crop, he determined to avail himself of the covenants accordingly. The complainant is entitled to the relief which he seeks.

In *Hendrickson* v. *Ivins, Saxt. 562,* such relief was granted ·under similar circumstances. The defendant's claim that the complainant has forfeited his right, if any he had, to the aid of this court in the premises, by his delay in invoking it, cannot avail him. He has lost nothing by that delay. He has, indeed, been involved in expensive litigation, which would not have taken place had the complainant come here for relief at an earlier ·day; but the litigation was the result of the defendant's disregard of the agreement, and his determination to take advantage of the failure of the instrument to express the whole agreement between him and the complainant, and inequitably to avail himself of the covenants in the deed; which covenants, it may be added, the complainant was not bound to give. The injunction will be made perpetual, with costs.

---

*Kuster, 44 Pa. St. 392; Backenstoss v. Stahler, 33 Pa. St. 251; Wintermute v. Light, 46 Barb. 278; Burnside v. Wightman, 9 Watts 46; Johnson v. Tautlinger, 31 Iowa 500; Turner v. Cool, 23 Ind. 56; Wood v. Lang, 5 U. C. C. P. 204.* Contra, *Merrill v. Blodgett, 34 Vt. 480; Flynt v. Conrad, Phil. (N. C.) 190; Powell v. Rich, 41 Ill. 466; Harvey v. Million, 67 Ind. 90; Baker v. Jordan, 3 Ohio St. 438; O'Dell v. Coyne, 4 U. C. C. P. 452.* See *Benner v. Bragg, 68 Ind. 338; Robinson v. Pitzer, 3 W. Va. 335; Noble v. Smith, 2 Johns. 52.*

A defendant in execution cannot, by parol, authorize a levy on growing trees or grass, *Bank of Lansingburgh v. Crary, 1 Barb. 542.* See *McKenzie v. Lampley, 31 Ala. 526; Osborn v. Rabe, 67 Ill. 108; Cudworth v. Scott, 41 N. H. 456; Adams v. Smith, Breese 233; Haydon v. Crawford, 3 U. C. Q. B. (O. S.) 583.*

Where growing grain has been reserved, from a deed of the lands, a subsequent purchaser of the crop, with notice of the reservation, is bound thereby, although the reservation was by parol, *Burnside v. Weightman, 2 Watts & Serg. 268; Harlan v. Harlan, 20 Pa. St. 303; Moats v. Witmer, 3 Gill & Johns. 118; East v. Ealer, 24 La. Ann. 129; Davis v. Brocklebank, 9 N. H. 73; Dame v. Dame, 38 N. H. 429.* But see *Goff v. O'Conner, 16 Ill. 421; Byasse v. Reese, 4 Metc. (Ky.) 374; Westcott v. Delano, 20 Wis. 514; Sanders v. Ellington, 77 N. C. 255; Milliman v. Neher, 20 Barb. 37; Seatoff v. Anderson, 28 Wis. 212.*

Equity may grant relief to the owner of the crops; *Lauchner v. Rex, 20 Pa. St. 464; Barnes v. Shinholster, 14 Ga. 131; McGuiness v. Kennedy, 29 U. C. Q. B. 93.* But see *Young v. Miller, 10 Ohio 85.*—Rep.