May Term, 1858.

CHAPMAN v. LONG.

*Per Curiam.*—The appeal is dismissed with costs.

*L. C. Jacoby*, for the appellant.

*D. H. Colerick*, for the appellee.

---

## CHAPMAN v. LONG.

Where a sale of real estate precedes the execution of the deed by some time, a verbal reservation or stipulation in reference to anything that would legally pass by the deed without such reservation, &c., will be presumed to be merged in the deed; and where the deed is executed at the time of the sale, such a reservation, &c., will be considered in the light of an exception or defeasance, and being repugnant to the legal effect of the deed, will be held void.

A conveyance of the freehold passes emblements, where nothing is said on the subject.

10 465
,139 407

APPEAL from the *Kosciusko* Circuit Court.

Tuesday, June 22.

HANNA, J.—This was an action to recover a specific article of personal property, to-wit, certain wheat.

The answer is, first, a general denial; secondly, that the defendant, on the 27th of *January*, 1854, purchased of the plaintiff certain lands upon which said wheat was growing, and took a deed of full covenants of warranty, and therefore, &c. Reply, that at the time of the sale, the wheat was by parol expressly reserved by the plaintiff, &c. Demurrer to the reply sustained.

The question is, whether under these circumstances, a parol agreement, by which the growing crop was reserved, is binding.

Whatever may be the law, as between landlord and ten-

VOL. X.—30

ant, or in reference to mortgaged premises, &c., we think in the case at bar the law is, that if the *sale* was some time before the execution of the deed, any verbal reservations or stipulations in reference to anything that would legally pass by the deed without such reservations, &c., would be presumed to be merged in the deed; and if made at the time the deed was executed, it would be considered in the light of an exception or defeasance, and being repugnant to the legal effect of the deed, would be void— the legal effect of the deed being, that it passed all the incidents to the land, among others the emblements, as well as the land itself. *Noble* v. *Bosworth*, 19 Pick. 314.—*Austin* v. *Sawyer*, 9 Cow. 39.—*Pattison* v. *Hull, id.* 747.—*Mott* v. *Palmer*, 1 Comst. 564.

Without doubt, a growing crop on land, the fruits of industry, passes to the executor and not to the heir. It is subject to execution as personal property, and may be sold by the owner as such. But nevertheless, if the owner of the soil does not dispose of it as personal property, but conveys the freehold, it passes as an incident thereto, where nothing is said upon the subject; and, therefore, no mere verbal agreement can be received to contradict either the express terms, or the legal effect of the deed.

The demurrer was properly sustained to the second paragraph of the answer.

*Per Curiam.*—The judgment is affirmed with costs.

WORDEN, J., having been of counsel in the cause, was absent.

*J. S. Frazer*, for the appellant.

*G. W. Frasier* and *J. B. Howe*, for the appellee (1).

(1) Counsel for the appellee argued as follows:

The only material question here is, whether the deed was sufficient to pass the wheat, and whether the wheat appears to have passed by the deed. Let us see how the case stands upon authority.

In *Austin* v. *Sawyer*, 9 Cow. 39, it was expressly held that such a reservation was not admissible in evidence, because it contradicted the deed. So in *Mott* v. *Palmer*, 1 Comst. 564. *Trullinger* v. *Webb*, 3 Ind. R. 200 is a strong case. The Court says: "The understanding and agreement of the parties relative to the reservation [of coal] must be ascertained by the face of the conveyance itself." See, also, *Foley* v. *Cowgill*, 5 Blackf. 18, and notes; *Lett* v.

*Horner, id.* 296; *Allen* v. *Lee,* 1 Ind. R. 58; *Harvey* v. *Laflin,* 2 Ind. R. 477; Hilliard on Real Property, p. 58; Sug. on Vendors, 106 to 110; 2 Johns. 37; 3 *id.* 321.

A deed absolute in its terms, cannot be controlled by oral evidence of conversation between the parties previous to its execution. *Vermont C. R. Co.* v. *Hills,* 23 Vt. R. 681. This was a case where the grantor verbally reserved the use of a spring, and directed the appraiser not to "take into account" the water in appraising damages,—held that the right to the use of the water passed by the deed. In *Conner* v. *Coffin,* 2 Fost. (N. H.) 538, it was held that a quantity of manure in the barn, in a place fitted for the purpose behind the cattle stall, passed to the grantee by ordinary effect of the deed, and that a parol reservation either before or at the time of making the deed, could not control its legal effect and operation. A deed of land conveys the property described in its existing state. *Duncle* v. *Wilton R. Co.,* 4 Fost. 489. When there is a deed in writing, it will admit of no parol contract, adding to, varying, or deducting from it, unless the foundation is first laid, by alleging fraud, accident, or mistake. *Logan* v. *Bond,* 13 Geo. R. 192. No condition, limitation or reservation inconsistent with the terms of a deed, is admissible in evidence. *Rathbun* v. *Rathbun,* 6 Barb. Sup. Ct. 68. In *Gibbons* v. *Dillingham,* 5 Eng. (Ark.) 9, it was held that when a deed of conveyance contained no reservation to the grantor, of the growing crop, it could not be proved by parol.

Now in answer to elementary principles clear and settled, and so many decisions, of which one is in our own state, in relation to a parol reservation of coal, one in *New Hampshire,* relating to a parol reservation of manure, one or more in *New York,* and one in *Arkansas,* relating to a parol reservation of crops, (and undoubtedly there are many others which we have not seen,) we are referred to a single and notable case in *Ohio, Baker* v. *Jordan,* 23 Ohio, 438, the decision of a Court somewhat noted for its originality. Neither its authority nor its reasons are sufficient to turn the scale of judicial opinion, from the side to which it has so long inclined, aside from the easy solution afforded by general principles.

May Term, 1858.