## TURNER and Another v. COOL.

GROWING CROPS—VENDOR AND VENDEE.—As a general rule between vendor and vendee, the growing crop is a part of the realty, and passes by conveyance to the latter.

Turner and Another *v.* Cool.

Same—Verbal Reservation.—Where a sale of real estate precedes the execution of the deed, a verbal reservation of any thing that would legally pass by the deed will be presumed to be merged in the deed.

Same.—Where the deed is executed at the time of the sale, such reservation will be considered in the light of an exception or defeasance; and, being repugnant to the legal effect of the deed, will be held as void.

Deed—Merger.—By the execution of the deed, the preliminary contract in writing is executed, and any inconsistencies between its original terms and those of the deed are to be explained and settled by the latter solely, into which the former is merged.

Replevin—Burden of Proof.—In an action of replevin to recover wheat, where the answer sets up, in substance, property in defendants, the burden of proof is upon plaintiff.

APPEAL from the *Noble* Common Pleas.

Davison, J.—The appellee, who was the plaintiff, sued the appellants, who were the defendants in replevin, to recover a quantity of wheat in the sheaf. Defendants answered that, on *April* 28, 1862, the plaintiff, by his warranty deed, conveyed to them the land therein described, and they took immediate possession of the premises on which the wheat, in suit, was then growing; whereby it became and still is their property. Reply: 1. By a denial. 2. Property in the plaintiff. 3. Plaintiff, on the 10th of *March,* 1862, sold the land described to the defendants for $3,100. At the time it was sold, there was growing thereon eighteen acres of wheat, estimated at $300. In pursuance of the sale, an agreement, in writing, was entered into between the parties, which, after setting forth the terms of sale, stipulated that *Cool* was " to have the wheat on the ground, and the straw," and *Turners* were " to let him have one bay in the barn for the wheat if he should want it, and the privilege of threshing his wheat in the barn;" which agreement was placed in the hands of one *Hill* as evidence of the contract of sale. It is averred that the wheat was to be held by plaintiff as a part of the consideration for the sale of the land, and that, on the 28th of *April,* 1862, he executed and delivered to the defendants a deed, with covenants of warranty, for the land, in which no mention was made of the wheat; but

the same was executed and delivered with the full un-
derstanding and intent that plaintiff was to have the
wheat as stipulated in the agreement, which agreement
was not surrendered to the defendants, or in any manner
canceled or made void, but still remains in the custody of
*Hill*, and, as to the stipulation in regard to the wheat,
remains in full force. It is further averred that defend-
ants, after the wheat became ripe, wrongfully, and with-
out the plaintiff's consent, cut the same, and bound it into
sheaves, etc.

Defendants demurred to the third reply, but the de-
murrer was overruled, and they excepted. The court, " the
cause having been submitted to it for trial," " held that the
burden of the issue was on the defendants, and they refus-
ing to introduce any evidence, and the plaintiff also fail-
ing to produce or offer any evidence in support of his
case, the court, upon the pleadings, without hearing any
evidence, found for the plaintiff," and, having refused a
new trial, rendered judgment, etc. The decision of the
court upon the demurrer to the reply involves this ques-
tion : Was the conveyance of *April* 28th an extinguishment
of the reservation contained in the agreement of the 10th
of *March?*

As between the vendor and vendee, the growing crop
is a part of the realty; and, as a general rule, the sale and
conveyance of the land by its owner carries the property
in the crop to the purchaser. Does the case made by the
reply constitute an exception to the rule?

In *Chapman* v. *Long*, 10 Ind. 465, it was held, that
" where a sale of real estate precedes the execution of the
deed by some time, a *verbal* reservation to any thing that
would *legally* pass by the deed without such reservation
will be presumed to be merged in the deed, and where
the deed is executed at the time of the sale, such a reser-
vation will be considered in the light of an exception or
defeasance, and, being repugnant to the legal effect of the
deed, will be held void." This decision is supported by

authority, and we are inclined to follow it. But here the reservation is evidenced by an agreement in writing signed by the parties. And the inquiry at once arises, whether, by the execution and delivery of the deed, the reservation became extinguished.

By the agreement of *March* 10th, the plaintiff does not sell the wheat; he expressly refuses to do so; nor were the defendants, in virtue of that agreement, entitled to an unconditional deed; but such a deed was executed to them while the wheat crop was growing on the land conveyed; and the wheat, as between the vendor and vendees, being a part of the realty, it seems to follow that the conveyance, in legal effect, carried the property in the crop to the grantees, because, "By the execution of the deed, the preliminary contract is executed, and any inconsistencies between its original terms and those of the deed are to be explained and settled by *the latter solely*, into which the former is merged, and by which the parties are thereafter to be bound." Rawle on Cov. 612. Thus, in *Williams* v. *Morgan*, 69 Eng. Com. Law, 181, (the preliminary agreement having been offered in evidence for the purpose of showing what passed by the deed,) *Coleridge*, Justice, said: "We must see for what purpose this agreement was tendered in evidence. It was to show what passed by the purchase. I think it was not evidence for that purpose. What was actually conveyed depends not on the preliminary agreement, but on the terms of the deed, which may be made to vary from those of the agreement."

The agreement might be altered, modified, or changed by the subsequent deed; but no one, we apprehend, will pretend that such agreement could modify or limit such deed. We are advised that *Morris* v. *Whicher*, 20 New York, 41, is in conflict with the view we have taken; but the current of authority being adverse to the *New York* decision, we are not inclined to follow it. Under the facts of this case, we deem it very clear that the agreement of

*March* 10th was executed and extinguished by the plaintiff's deed to the defendants, and the wheat crop being, as between the parties, a part of the realty, passed to the defendants by the conveyance. *Conner* v. *Coffin*, 2 Foster N. H. R. 538; *Trullinger* v. *Webb*, 3 Ind. 200; 4 Kent's Com., 10th ed., p. 568, note 1; *Foot* v. *Colvin*, 3 Johns. 222–506; *Gregory* v. *Griffen*, 1 Burr, 208; *Craig* v. *Beelin*, 1 Watts & Serg. 83; *Wilson* v. *McNeal*, 10 Watts, 427.

But there is another question to settle: Upon whom rested the burden of the issues? This, as we have seen, was an action of replevin to recover wheat in the sheaf. The answer sets up in substance, property in the defendants. The pleading thus made, though it does not directly deny that the sheaves of wheat were the property of the plaintiff, does so argumentatively, and therefore rested the burden of the issues on the plaintiff. 9 Ind. 109; 11 *Id.* 369; 12 *Id.* 90; 14 *Id.* 455, 529–534.

*Per Curiam.*—Judgment reversed.

It may be noted that, on the hearing of this cause, the court held the burden of the issues to be on the defendants, and affirmed the judgment; but the court on petition for a rehearing, having concluded to change its ruling on that point, reverse the judgment and overrule the petition.

*John Morris*, for appellant.
*W. H. Combs*, for appellee.