PITMAN v. CONNER.

COVENANT OF WARRANTY.—INCUMBRANCES.—EVIDENCE.—A covenant of warranty contained in a deed does not extend to incumbrances which the vendee assumed to pay, as part of the consideration of the conveyance; and parol evidence is admissible to prove an agreement by the vendee to pay an incumbrance.

APPEAL from the *Fountain* Common Pleas.

RAY, C. J.—This was an action by the appellant for the breach of a covenant against incumbrances, in a deed executed by the appellee. The complaint alleged that the appellant had been compelled to pay off a mortgage lien to one *Clark*, which existed at the time of the execution of the deed. The appellee answered that before and at the time of the conveyance, the appellee agreed, as part of the consideration for the sale and conveyance of the property, that he would discharge the incumbrance in question. On the trial, proof was introduced, over the objection of the appellant, tending to show such a parol agreement, and the finding of the jury was for the appellee upon this issue.

It is insisted that this evidence contradicted the covenant, and should have been excluded. It was held by this court, in the case of *Allen* v. *Lee*, 1 Ind. 58, that a covenant of general warranty does not extend to such incumbrances as the party receiving the deed assumed to discharge as part of the consideration for the land, and that parol evidence may be admitted to show that he thus assumed to pay such liens, and that such evidence does not contradict the covenant, but simply shows that the property was taken subject to the liens. We regard this as an established rule of property in this State, and could not feel ourselves at liberty to disturb it, upon any question of its soundness. Nor are we satisfied that the rule is wrong in principle. It may be argued with much force, that when the appellant purchased the land, assuming to pay the mortgage to *Clarke*, the debt became the debt of the appel-

lant, and, as between him and the appellee, should be considered as paid, and therefore no incumbrance upon the land. If the land had been conveyed to *Clarke* in satisfaction of his mortgage debt, with a covenant of waranty, it cannot seriously be insisted that *Clarke* could have brought an action for the breach of the covenant by reason of the mortgage. Now, whether the mortgage property be conveyed to the mortgagee, in satisfaction of the debt, or to a third person who assumes to discharge the lien, as a part or in full of the purchase money, cannot be important. The rule must be the same in either case. *Watts* v. *Wellman*, 2 New Hamp. 458.

The judgment is affirmed, with costs.

*J. Buchanan*, for appellant.

*J. McCabe*, for appellee.