*J. A. Woodhull* and *W. G. Croxton*, for appellee.

———————•———————

## HEAVILON v. HEAVILON.

VENDOR AND PURCHASER.—GROWING CROPS.—As between vendor and purchaser, the crops growing upon the land at the time of the conveyance go with the land to the purchaser.

SAME.—RESERVATION.—Where, at the time of the purchase, the growing crops are reserved by the vendor, as a part of the consideration of the sale, the agreement, though by parol, is valid. The agreement only

affects the consideration of the deed, which may .always be proved or explained by parol proof.

SAME.—STATUTE OF FRAUDS.—In such case, the execution of the deed is a performance of the contract on the part of the vendor, and so the agreement is not within the statute of frauds.

SAME.—Where the purchaser has permitted the vendor, under such a parol reservation, to harvest and remove the crops, the contract is executed, and the purchaser cannot set off the value of the crop against a suit by the vendor.

PARTNERSHIP.—PLEADING.—Under the code, an action may be maintained by one partner against another on account of matters growing out of the partnership, without showing a final settlement.

APPEAL from the *Clinton* Circuit Court.

ELLIOTT, J.—This was a suit by *Amos Heavilon* against *Taylor Heavilon*, the appellant, for "money paid to the defendant's use, work and labor performed, goods sold and delivered, and material furnished, in the sum of $1,208 19, and for the further sum of $983 06, for money paid to the defendant's use, being one-half of the amount of a joint note executed by the plaintiff and defendant to one *John W. Stewart*, for which they were equally liable, the whole of which was paid by the plaintiff." The defendant filed an answer of six paragraphs, the fourth and sixth of which only need to be noticed here. The fourth is a set-off for goods, wares, merchandise and other property sold and delivered to the plaintiff, money paid to the plaintiff's use, &c. This paragraph was accompanied by a bill of particulars, an item of which is as follows: "1864, *July* 15. To 900 bushels wheat, at $2 per bushel, $1,800." The sixth paragraph alleges that on the 16th of *January*, 1864, the plaintiff sold, and conveyed by deed of warranty, a farm therein described, in *Clinton* county, on which the plaintiff then resided, and on which there was then growing thirty-five acres of wheat, which was included in said deed; that afterwards, on the 1st of *July*, 1864, the plaintiff cut, threshed, carried away and converted the whole of said wheat to his own use, being 900 bushels, of the value of $1,800, which he offers to set off, &c. The plaintiff replied in ten paragraphs, demurrers to the ninth and tenth of which

were filed and overruled. The issues were tried by a jury. Verdict for the plaintiff. A motion for a new trial was then made, which the court overruled, and rendered judgment on the verdict.

Overruling the demurrers to the ninth and tenth paragraphs of the plaintiff's reply is the first error assigned, and presents the principal question in controversy. The ninth paragraph is in reply to the fourth and sixth paragraphs of the answer before referred to, and alleges, in substance, that the plaintiff, being the owner of a valuable tract of farming land in *Clinton* county, on the 15th day of *January*, 1864, bargained and sold the same, by parol contract, to the defendant, in consideration of other lands sold by the defendant to the plaintiff; that as a part of said contract of sale, it was agreed between the parties that the plaintiff should and did reserve and hold, as his own property, the thirty-five acres of wheat then growing on said land, being the same wheat referred to in the fourth and sixth paragraphs of the defendant's answer, with the right to cut and carry the same away; that on the day next succeeding the making of said contract, and in pursuance thereof, the plaintiff and defendant executed, each to the other, a deed of conveyance for the land sold by them respectively; that in the deed so executed by the plaintiff to the defendant, no reservation was made of said wheat, but that the plaintiff, in the month of *June* next following, in pursuance of said contract, and in the execution thereof, and by the agreement and with the consent of the defendant thereto, did cut and remove said crop of wheat, and appropriate the same to his own use, the said defendant at the time well knowing that the same was being done under said original parol contract of sale, and acquiescing therein. The tenth paragraph of the reply alleges that on the 15th day of *January*, 1864, the plaintiff and defendant, each being the owner of certain lands, made a verbal contract for the exchange thereof, by which it was agreed, as a part of the consideration which the plaintiff was to receive for his land,

that he should continue to occupy and use a certain part thereof, to-wit, the whole of the building and necessary surrounding yards on the premises, including garden, stable or barn lot, and two certain fields containing about thirty-five acres, on which there was a growing crop of wheat, which, by said agreement, the plaintiff was to have the right to cut and carry away as his own property; that said user and occupancy of said premises were to, and did, continue until the first day of *October,* then next following; that in pursuance of said agreement, said parties exchanged deeds for said lands on the 16th day of *January,* 1864, without making any memorandum in writing of said stipulations, but the plaintiff continued to retain the possession of said fields, and cut and carried away said wheat, in pursuance of said contract, with the full knowledge and consent of the defendant that it was being so done, which is the same wheat mentioned in the fourth and sixth paragraphs of the defendant's answer.

We think the replies were good. It is a well settled principle of law that, as between vendor and purchaser, the growing crop goes with the land and belongs to the purchaser. Nor is it controverted that the deed from the plaintiff to the defendant, in its legal effect, *prima facie,* covered the wheat then growing on the land. This is upon the technical legal principle that until the crop is severed, it forms a part of the realty. Upon these principles, and the additional one that parol evidence is inadmissible to alter, qualify or explain a deed or other written instrument, which, as a general rule, is equally well settled, the appellant insists upon the invalidity of the replies. But we maintain their validity on different grounds, which we conceive are not in conflict with the principles stated.

It was held in *Allen* v. *Lee,* 1 Ind. 58, that a general covenant of warranty does not extend to such incumbrances as were known to the purchaser at the time of making the contract, and which he agreed to discharge, in addition to

the consideration stated in the deed, and that parol evidence was admissible to prove such agreement.

That case was again recognized as authority, and followed by this court, in the recent case of *Pitman* v. *Conner*, 27 Ind. 337, in which *Pitman* sued *Conner* for a breach of covenant against incumbrances in a deed executed by the latter to the former. At the time of the conveyance, there was an outstanding mortgage on the land conveyed, in favor of one *Clarke*, which *Pitman* subsequently paid off. *Conner* answered, that before and at the time of the conveyance, *Pitman* agreed, as a part of the consideration for the sale and conveyance of the property, to discharge said mortgage. It was held that the answer was good, and might be proved by parol evidence.

The same principle applies in the case before us, or at least to the tenth paragraph of the reply, in which it is averred that at the time of the sale or exchange of lands it was agreed between the parties that the plaintiff should have the right to cut and carry away the wheat as a part of the consideration to be paid him for the land. It is well settled that a vendor, in a suit for the purchase money, may prove, by parol evidence, the amount thereof, the terms of payment and its non-payment, notwithstanding the receipt of the purchase money may be acknowledged in the deed. Now, suppose that the defendant, as a part of the consideration to the plaintiff for the land described in the deed, had agreed that the plaintiff should have a crop of wheat growing on another tract of land owned by the defendant, and had subsequently refused permission to cut and carry it away, would any one contend that the plaintiff could not recover of the defendant the value of the wheat? Or if, as in this case, the plaintiff had harvested the wheat without objection, that the defendant could recover back its value? Does not the same principle apply to this case? Can any logical reason be shown why it should not? Admit that the deed, upon its delivery, conveyed the growing wheat,

still it was not a fixture which constituted permanently a part of the land; it was the subject of sale by parol, and what rule of law is there to prohibit the defendant from making such sale a part of the same contract by which he would become the owner, or that would convert the deed into an estoppel against parol proof of such sale? If, as alleged in the reply, the defendant contracted the wheat to the plaintiff as a part of the consideration of the land, then the execution of the deed was a performance of the contract on the part of the plaintiff, and entitled him to the wheat, and no question under the statute of frauds, contended for by the appellee, could arise in the case. The case of *Turner* v. *Cool*, 23 Ind. 56, so far as it expresses a contrary rule on this point, is overruled.

The ninth paragraph of the reply does not contain the direct averment that the plaintiff was to have the wheat as a part consideration for the land sold to the defendant. It is averred, however, that it was a part of the contract between the parties that he was to hold and reserve a right to the wheat. We do not say that this averment is sufficient to bring the case within the principle discussed above, nor is it necessary that we should decide the question, as, in our judgment, both replies are good for another reason. The power of the plaintiff to make a valid reservation of the wheat is not controverted, but it is insisted that such reservation can only be proved by the deed, or by some other cotemporaneous instrument in writing, and not by parol evidence.

If the plaintiff were suing to recover the wheat, or if he had taken forcible possession of it, against the will of the defendant, and the latter were suing for the tort, and the plaintiff's claim to it were founded on a simple parol reservation, not connected with and forming a part of the consideration of the contract, the rule of law contended for would probably be applicable. But here, the defendant claims to set off the value of the wheat against the plaintiff's demand, which he can only do by proving a purchase

of the wheat by the plaintiff by either an express or implied contract, or if it was forcibly taken, in fact, he might perhaps waive the tort and rely on an implied assumpsit. All the facts showing the real nature of the transaction would, in such case, be liable to be given in evidence. It was not unlawful for the plaintiff to make the reservation, and if made only by parol, and, by the execution of the deed without stating the reservation in it, the plaintiff lost the power to assert it in a suit at law, still it was not unlawful for the defendant, in obedience to the dictates of a good conscience, to carry out the contract in good faith, by permitting the plaintiff to harvest and carry away the wheat, under and in accordance with the parol agreement. Both paragraphs of the reply under consideration contain the averment that the wheat was cut and carried away by the plaintiff, under said parol contract, by the agreement and with the full knowledge and assent of the defendant. This averment being admitted by the demurrer must be taken as true, and if true, then the agreement became an executed one, and ceased to be a mere executory contract resting in parol. And though it has been performed without the compulsory sanction of the law, it has received the voluntary sanction of the defendant, and has been executed in good faith; and he cannot be permitted now to withdraw his sanction and hold the plaintiff responsible for the value of the wheat. To do so would be a fraud upon the plaintiff, and would force him to become, in effect, a purchaser of the wheat against his will, and without any fault on his part.

There was no error in overruling the demurrers. Nor did the court err in admitting the parol evidence in proof of the facts set up in the replies, to which the appellant also excepted. Nor in the instructions on the same subject given to the jury.

The court overruled a motion to strike out the seventh paragraph of the plaintiff's reply, which is also complained of here. That paragraph sets up substantially the same

defense as the ninth, and might well have been stricken out, but no injury resulted to the defendant from the ruling of the court, and we cannot therefore reverse the judgment for any error in such ruling.

Several other errors are assigned upon the action of the court in admitting evidence, giving and refusing instructions, and propounding special interrogatories to the jury, but they all involve the same question raised by the demurrers to the replies, and need not be further noticed here.

There was also a motion in arrest overruled by the court, which is assigned for error. The objection taken to the complaint is, that it shows that the action is for the recovery of partnership assets, without showing a final settlement of the partnership affairs, and a balance ascertained in favor of the plaintiff. We do not so understand the complaint, but if it were so, it would not render the complaint bad under the code. *Duck* v. *Abbott*, 24 Ind. 349.

We find nothing in the record to warrant a reversal of the judgment, and it must therefore be affirmed.

The judgment is affirmed, with costs.

*H. Y. Morrison* and *J. N. Sims*, for appellant.

*J. E. McDonald*, *A. L. Roache*, *R. P. Davidson*, *T. H. Palmer* and *L. McClurg*, for appellee.

