HARVEY v. MILLION.

CONVEYANCE.—*Parol Reservation of Growing Crop.*—*Case Overruled.*—The owner of certain land, on which was a growing crop of wheat, also his, sold and conveyed the land to a purchaser by a warranty deed, without

making any reservation of his crop in the deed, and immediately delivered possession. The grantee, after the wheat had been harvested and threshed, took possession thereof as his own, whereupon the grantor sued for the value thereof and proved a parol reservation of the crop, at the time of the sale of the land.

*Held*, that evidence of such parol contract was admissible, and that the plaintiff was entitled to recover on proof thereof. *Chapman* v. *Long*, 10 Ind. 465, overruled.

WORDEN, C. J., dissented.

From the Cass Circuit Court.

*C. B. LaSelle, D. Turpie* and *H. D. Pierce*, for appellant.

NIBLACK, J.—This was a suit by William Million, against Hiram Harvey, for the value of two hundred and fifty bushels of wheat.

A demurrer to the complaint being first overruled, and issue being joined, the cause was tried by the court, resulting in a finding for the plaintiff for eighty-five dollars.

A motion for a new trial, challenging the sufficiency of the evidence to sustain the finding, was overruled, and a judgment rendered upon the finding, against the defendant, who is the appellant here.

Error is assigned upon the overruling of the demurrer to the complaint, and upon the refusal of the court to grant a new trial, but in the argument the only question discussed by the appellant is the alleged insufficiency of the evidence to sustain the finding.

It was substantially admitted upon the trial, that the land upon which the wheat sued for was grown belonged to the plaintiff prior to the 11th day of May, 1876, and that, on that day, the wheat stood as a growing crop on that land, being also the property of the plaintiff. It was also shown by the evidence, that on said 11th day of May, 1876, the plaintiff conveyed the land on which the wheat was so standing as a growing crop, to the defendant, by warranty deed, without any reservation in the deed as to such wheat, and immediately put the defendant into possession

of the land ; also, that the defendant, after the wheat was harvested and threshed, took possession of it, claiming it as his own, and converted said wheat to his own use.

The plaintiff claimed that the wheat was reserved by a parol agreement or understanding, which entered into and became a part of the contract for the sale of the land ; that is to say, that he sold the land to the defendant for thirty dollars per acre, expressly reserving to himself the growing crop of wheat as a part of the benefit to accrue to him from the sale.

As to whether there was an express reservation of the wheat to the plaintiff, as claimed by him, the testimony was sharply and irreconcilably conflicting, but as to that question there was evidence tending fully to sustain the finding of the court.

The appellant nevertheless contends that, as there was no reservation of the wheat in the deed to him, evidence tending to establish a parol agreement for such a reservation was inadmissible, and hence that the evidence properly before the court did not sustain the finding. 3 Washburn Real Property, 4th ed., p. 392, is cited as supporting the rule thus contended for.

That author, while discussing what a conveyance of land ordinarily carries with it, says : "And a parol reservation of crops then upon the land at the time of conveying the same by deed would be repugnant to the deed, and of no effect; and the same rule applies to manure upon the land." But he at the same time admits that there are some exceptions to, and modifications of, the general rule thus announced. In this State growing crops are treated in very many respects as personal property only.

It has been held by this court that growing crops, raised annually by labor, are subject to sale before maturity, as personal property, and their sale does not necessarily require a memorandum in writing to make it valid. *Lindley*

v. *Kelley*, 42 Ind. 294; *Northern* v. *The State, ex rel.*, 1 Ind. 113.

By our statute growing crops go to the executor or administrator as personal estate. 2 R. S. 1876, pp. 505, 510.

In the case of *Heavilon* v. *Heavilon*, 29 Ind. 509, it was further held by this court, that, as between vendor and purchaser, the growing crop, *prima facie*, goes with the land, but that parol evidence is nevertheless admissible to show that the growing crop was reserved to the vendor in part consideration for, or as an inducement to, the sale.

Hilliard on Real Property, vol. 1, p. 16, says that, *prima facie*, vegetable productions belong to the soil on which they grow and pass with a conveyance of it, but may be separated from it by some special transfer.

Bingham on the Sale of Real Property, p. 189, while admitting the general rule that the growing crop passes with the land, says that such growing crop may be reserved to the vendor by a parol reservation, which, in contemplation of law, amounts to a severance of the crop from the land before the delivery of the deed.

While the case of *Heavilon* v. *Heavilon, supra*, is not, in all respects, a parallel one to the case under consideration, we think it is well supported by authority, and that, in principle, it sustains the action of the court below in the admission of parol testimony tending to show a reservation of the wheat by the appellee.

The weight of modern authority appears to us to be against so strict a rule as that laid down by Washburn, as above, for the exclusion of parol evidence tending to establish the reservation of a growing crop upon land conveyed away by deed. *Young* v. *Baxter*, 55 Ind. 188.

The case of *Chapman* v. *Long*, 10 Ind. 465, is in conflict with the conclusion we have reached in this case, and is consequently overruled.

We see no reason why a new trial should have been granted.

The judgment is affirmed, with costs.

Worden, J., dissents, for reasons given in the opinion in the case of *Chapman* v. *Long*, *supra*, and in his dissenting opinion in the case of *Pea* v. *Pea*, 35 Ind. 387.

Perkins, J., was absent.