## BENNER ET UX. *v.* BRAGG ET AL.

MORTGAGE, FORECLOSURE OF.—*Conveyance.*—*Parol Reservation of Crops.*— *Evidence.*— *Conversion.*—*Set-Off.*—*Motion in Arrest.*—In a suit upon a note and to foreclose a mortgage securing it, the defendant filed a counter-claim seeking to recover for the value of a growing crop, or have it set off against the note, alleging that the note and mortgage were executed in consideration of the purchase of certain real estate described in the mort-

gage, which the plaintiff had conveyed to the defendant, at the time said mortgage was executed, by general warranty, and that the plaintiff converted the growing crops, after the execution and delivery of the deed.

*Held,* it being shown by the bill of exceptions that the defendant had proved that the reservation of the crop was a part of the trade, that there was no error in afterward allowing the plaintiff to prove the same thing by parol evidence.

*Held,* also, that there was no error in overruling a motion in arrest of judgment, on the ground that the land was incorrectly described in the complaint, it being admitted that such land was correctly described in the mortgage, which was made a part of such complaint.

From the Grant Circuit Court.

*J. F. McDowell, G. L. McDowell, A. C. Davis, J. Brownlee* and *H. Brownlee,* for appellants.

*G. T. B. Carr,* for appellees.

SCOTT, J.—Bragg sued Benner and wife on a note made by Benner, and on a mortgage made by Benner and wife, to secure the payment of the note. The note and mortgage were made part of the complaint. Appellee, by a counterclaim sought to recover for or have the value of a growing crop set off against the note. He alleged in his cross complaint that the note and mortgage were executed in consideration of the purchase of the real estate described in the mortgage contained in the plaintiff's complaint; that, at the time he executed said mortgage, the plaintiff conveyed the land to the defendant by general warranty, and made the deed a part of his cross complaint; that the plaintiff converted the growing crops after the execution and delivery of the deed.

There was an issue, and the cause was submitted to the court, and the court made a finding for the plaintiff, and over a motion for a new trial, and a motion in arrest, entered a judgment for the plaintiff and a decree of foreclosure.

The appellant claims that the court erred in overruling his motion for a new trial, and that the court erred in overruling the motion in arrest of judgment.

The only question raised by appellant on the first assignment of error is, that the court erred in admitting parol evidence to show that the crop on the land was reserved. The bill of exceptions shows that the appellant himself proved that the reservation of the crop was a part of the trade. The appellee was allowed afterward to prove the same thing, over the objection and exception of the appellant. There was no error in this ruling. *Harvey* v. *Million*, 67 Ind. 90.

The appellant did not introduce the deed in evidence, and there was, therefore, a failure of proof on his cross complaint.

The next point made by appellant is on the motion in arrest of judgment. It is claimed that the complaint incorrectly described the land, but it is admitted that the land was correctly described in the mortgage, which was made a part of the complaint, and the court, therefore, did not err in overruling the motion. *Daily* v. *The City of Columbus*, 49 Ind. 169 ; *Gilmore* v. *The Board, etc.*, 35 Ind. 344.

We can see no error in the record.

The judgment is affirmed, at the costs of the appellant.