Phillbrook v. Emswiler.

Filed Jan. 11, 1884.

———————◆———————

No. 10,748.

PHILLBROOK v. EMSWILER.

CONTRACT.—*Lease.*—*Preliminary Agreement.*—*Merger.*—*Evidence.* —Where a lease is made in writing, it merges all previous negotiations and terms assented to even in writing, and, in the absence of fraud or mistake, the lease alone must be taken as the exclusive evidence of the terms of the contract.

PLEADING.—*Parol Contract.*—In pleading a verbal contract it is necessary to state as issuable facts the terms and conditions of the contract.

From the Wayne Circuit Court.

*H. C. Fox, W. W. Herod* and *F. Winter*, for appellant.
*W. D. Foulke* and *J. L. Rupe*, for appellee.

ELLIOTT, J.—The contention of the appellant is that he is entitled to recover for repairs placed upon property demised to him by Oran Huntington, since deceased, whose estate is now represented by the appellee as trustee.   The position of appellant rests upon the assumption that the lease executed to him was preceded by a written proposition, submitted by his assignees and accepted by the lessor, wherein the lessor bound himself to make repairs.   The validity of this assumption is contested by the appellee, who contends that the lease is a complete contract, merging all preliminary propositions and contracts, and, as to the terms of the letting, fully exhibiting the agreement and controlling the rights of the parties.   In our opinion the appellee is right.

Where a lease or deed is preceded by preliminary negotia-

tions, either written or oral, and is full and complete in itself,. it must be deemed the expression of the contract of the parties,. and must be held to measure and determine their respective rights.   A lease is, in itself, a contract prescribing the rights, duties and liabilities of the lessor and lessee, and when made. pursuant to precedent negotiations is, in legal contemplation;. the consummation of all preliminary propositions and agreements.   It takes up all preceding negotiations and gives ex-- pression to the contract of the parties as finally consummated,. and, in the absence of fraud or mistake, furnishes controlling. evidence of the terms and conditions upon which the property is demised ; it is the ultimate and final evidence of their con-- tract, and governs courts and parties.   Wharton says:  " No· matter how complex and deliberate may have been the nego- tiations preliminary to a written contract, these negotiations. are regarded as all merged in the contract."   Whart. Cont., section 684.   This question has often arisen in agreements. providing for the execution of deeds, and it has been uni- formly held that the preliminary agreement is merged in the deed.   In the old case of *Twyford* v. *Wareup*, Finch, 310, it was said of such a case :  " The articles were only a security· and preparatory to the conveyance, and the defendant having afterwards taken a conveyance, shall not resort to  the arti- cles, or to any particular, or to any averment or communica- tion afterwards ; for such things shall never be admitted against . the deed."   It was said in another case :  " Where the articles . of agreement have been carried into effect, by a conveyance from the vendor, and bond for the  purchase-money from the vendee, without a  survey, there, *in general,* the contract is considered as closed.   And it is  fair, and very much for the public good, that it should be so considered, otherwise, there would be  no  end  to  controversy."   *Bailey* v. *Snyder,* 13 Serg. & Rawle, 160.   Among the cases declaring this general principle are the following :   *Williams* v. *Morgan,* 15 Q. B. 782 ;  *Frederick* v. *Campbell,* 13 Serg. & R. 136 ;  *Crotzer* v..

*Russell*, 9 Serg. & Rawle, 78; *Smith* v. *Evans*, 6 Binney, 102; *Stebbens* v. *Eddy*, 4 Mason C. C. 414; *Houghtaling* v. *Lewis*, 10 Johns. 297; *Haggerty* v. *Fagan*, 2 Penrose & W. 533. Our own case of *Turner* v. *Cool*, 23 Ind. 56, is as strong upon this point as any of the cases cited, for it quotes with approval this statement of the rule: " 'By the execution of the deed, the preliminary contract is executed, and any inconsistencies between its original terms and those of the deed are to be explained and settled by *the latter solely*, into which the former is merged, and by which the parties are thereafter to be bound.' Rawle on Cov. 612." It is true that the case cited has been overruled in part, not, however, because the general rule is not correctly stated, but because it was improperly applied. *Heavilon* v. *Heavilon*, 29 Ind. 509; *Harvey* v. *Million*, 67 Ind. 90.

In *Ruse* v. *Mutual Benefit L. Ins. Co.*, 23 N. Y. 516, the court said: "Nothing is better settled than that, where two parties have entered into a written contract, all previous negotiations, and propositions in relation to such contract, whether parol or written, are to be regarded as merged in the final agrement." This doctrine has received full approval from this court. *King* v. *Enterprise Ins. Co.*, 45 Ind. 43. Unless it be held that a contract executed pursuant to a preliminary agreement is the ultimate expression of the intention of the contracting parties, there would be no standard by which to measure and adjust their rights, for to hold otherwise would be to leave open for controversy the question as to what constitutes the contract. Controversy can only be ended by holding that the final contract, when full and complete, free from fraud or mistake, and clear of doubt and ambiguity, constitutes the controlling evidence of the agreement of the parties.

A preliminary contract providing for the execution of a lease, and also containing stipulations relating to distinct and independent matters, may still remain in force as to those matters, although a lease is executed; but, as to the contract

of letting and all matters directly involved in it, the lease, when executed, expresses the ultimate agreement of the parties. In the present instance, the preliminary agreement contained stipulations respecting the purchase of personal property as well as an agreement for a lease, and is, no doubt, effective so far as concerns the personal property, but the agreement for a lease was supplanted by the execution of the lease accepted by the assignors of the appellant.

There is no doubt that a written contract may be modified or annulled by a subsequent parol agreement. *Rhodes* v. *Thomas,* 2 Ind. 638; *Ward* v. *Walton,* 4 Ind. 75; *Billingsley* v. *Stratton,* 11 Ind. 396; *Sorin* v. *Olinger,* 12 Ind. 29; *Rigsbee* v. *Bowler,* 17 Ind. 167.

It is insisted by appellant that the complaint brings his case within the rule and shows a subsequent verbal contract modifying the terms of the written lease. We think otherwise. The complaint does not set forth any parol contract; it simply states a general conclusion, and this is not sufficient. Where a parol contract is relied on, its terms must be fully stated, the consideration upon which it rests must be shown, and the things agreed to be done must be alleged as issuable and traversable facts.

A written contract can not be varied by parol evidence. It is as much a violation of this familiar rule to prove by parol the intention of the contracting parties as it is to prove their language.

Judgment affirmed.

Filed Jan. 22, 1884.