No. 11,087.

## RHOADS v. JONES ET AL.

CONTRACT FOR BOND.—*Performance.*—*If Bond Adjudged Void, no Action on Contract.*—Where an indemnity bond, executed in performance of a preliminary contract for its execution, has been duly adjudged void, no subsequent action can, as a general rule, be maintained on either the bond or the contract.

From the Montgomery Circuit Court.

*G. W. Paul* and *J. E. Humphries*, for appellant.

*B. T. Ristine, T. H. Ristine, H. H. Ristine, P. S. Kennedy* and *S. C. Kennedy*, for appellees.

ELLIOTT, J.—It is alleged by the appellant in his complaint, that Isaac Castor, deceased, devised to him certain property, upon condition that he should maintain and care for Indiana Castor, a person of unsound mind, and that this burden is charged upon the property; that an action was brought by the appellees to set aside Isaac Castor's will, and that an agreement of compromise was entered into, wherein it was stipulated, among other things, that the appellant should be released from the burden, imposed by the will, of maintaining Indiana Castor, and that a bond should be executed to that effect; that afterwards a bond was executed by the appellees Jonas A. Jones, Absalom Elmore, S. W. Castor and Asa Ditmore, wherein reference was made to the provisions of the will and to the agreement of compromise, and it was therein provided, that, "Now, therefore, in order to perform said agreement and for the consideration therein named, we do jointly and severally acknowledge ourselves bound unto the said Daniel Rhoads, in the penal sum of $3,000, well and truly to be paid if said Daniel Rhoads shall in any way be injured or damaged by reason of any claim or demand, or suit at law instituted by or in behalf of said Indiana Castor, by reason of any claim made by her as legatee under the will aforesaid. If we fail to release, or cause said Daniel Rhoads to be released and held harmless from all his

obligations under said will for the care of said Indiana Castor, if said conditions be not fully performed on demand made on either of these parties by Daniel Rhoads or his legal representatives, then the above bond shall be absolute and a cause of action accrue thereon." There is some obscurity in the language of the instrument, but we think it discloses an undertaking to relieve appellant from the burden of maintaining Indiana Castor. The breach of the bond is thus alleged: " That defendants only kept Indiana Castor a short time and then refused to care for her and she came back upon plaintiff, and he has supported her since the 1st day of January, 1879." This would, no doubt, be a good assignment of a breach, but it is followed by an allegation that he brought an action upon the bond and it was adjudged void.

The adjudication on the bond unquestionably ends the right of action upon it, and the complaint, therefore, shows no right to recover upon that instrument. It is perfectly evident that a complaint on a bond shown to have been held void in an action between the same parties can not be good. The statement that the bond was declared void demolishes all that part of the pleading which counts on the bond.

After showing the facts to which we have referred, the complaint proceeds: " The defendants did not secure plaintiff by bond from the care of Indiana Castor, that the instrument set out is all the bond that was ever made and the court held it void, and no legal bond has been given to the plaintiff;" that he has demanded to be released from the burden of maintaining Indiana Castor, but that the defendants have failed to release him, and that he has fully performed all of the conditions of the contract on his part.

The complaint shows that the bond called for by the contract was executed, and thus shows a performance. If a party undertakes to execute a bond and does execute one which is accepted by the obligee, there is certainly a compliance with the contract, and it is axiomatic that where there is performance there can be no breach. It therefore appears on the

Rhoads v. Jones et al.

face of the appellant's complaint that there was, *prima facie*, at least, full performance, and, this appearing, there is no cause of action, unless the *prima facie* case is overturned.

The attempt to show that there was no performance because the bond was void is futile. The judgment of the court as to the invalidity of the bond is conclusive, but we can ·not discover any reason why this result authorizes the appellant to fall back upon the original agreement. If the bond is void because it is an agreement absolving the appellant from the duty imposed by the will, then the verbal agreement must also be null; so that if this was the basis of the judgment it must necessarily conclude appellant, and for this reason it covers and takes in the whole cause of action. One who receives a full and complete obligation pursuant to the terms of a preliminary agreement is not remitted to the original agreement because the last agreement is adjudged void, unless, at least, he states affirmatively some reason showing that the last agreement was not such as the first contract called for; and for aught that appears in the present complaint, the invalidity of the bond may have arisen from some act performed subsequent to its execution. It is evident in this case that the only claim that the appellant can possibly have is that founded upon the agreement to maintain Indiana Castor, and on that agreement judgment has been pronounced against him; and, in order to show that this judgment is not conclusive upon the whole subject, he must state some fact, or facts, showing why the delivery of the bond was not a performance of his contract, and why it did not merge the preliminary agreement.

It is established law that where a contract is executed pursuant to a preliminary agreement, providing for its execution, the right of action is on the contract last executed. The first contract, and all negotiations, oral or written, are merged in the last instrument, which is deemed the expression of the contract finally agreed upon. Many authorities are collected in *Phillbrook* v. *Emswiler*, 92 Ind. 590, where this point is expressly decided. We declare the complaint before us bad, be-

cause, having shown a preliminary contract and the performance of its conditions by the execution of the bond provided for, there is no sufficient statement developing the cause of the invalidity of the instrument. It is true that the complaint does show that Indiana Castor was of unsound mind, but it does not show that it was for this reason that the bond was adjudged void, so that if counsel were right (which we do not decide) in their contention that this bond is void, still the complaint fails to impeach the performance.

It is difficult to see how the bond can be void for the reason assigned by counsel and the preliminary contract be valid. The sword of counsel's argument cuts both ways. If the bond is void, so, also, is the condition of the preliminary agreement, and, therefore, no action can be maintained upon it. Whether the contract of compromise can be avoided is not for us to now decide, for the question is not in the case. But taking counsel's argument as sound, the conclusion to which it irresistibly leads is, that the agreement in the preliminary instrument relieving him from the burden imposed by the will is also void. If the condition is not good in the bond executed in performance of the contract, it can not be good in the original condition, and if this be so, then no recovery can be had on the original contract.

A well settled rule of pleading is that a complaint must proceed on a definite theory, and be good on that theory or it can not be good at all. *Mescall* v. *Tully*, 91 Ind. 96, and authorities cited. The complaint can not be good unless the contract on which it is founded is valid, and, if the appellant's counsel are right, the insanity of Indiana Castor makes both the bond and the preliminary contract void, and on the prongs of their own argument they are impaled.

Judgment affirmed, for the reason that the complaint is bad. On this point rests our judgment.

Filed April 1, 1884. Petition for a rehearing overruled May 7, 1884.