Filed June 5, 1894.

---

No. 1,158.

## KLUSE ET AL. *v.* SPARKS.

REAL ESTATE.—*Sale.—Growing  Crops.—Parol  Reservation.*—Growing crops are in the nature of personal property, and upon a sale of the land may be reserved by parol.

SAME.—*Evidence.—Consideration.*— Parol  evidence  is  admissible  to show a reservation of growing crops as a part of the consideration of the sale of land.

PRACTICE.—*Exception.—Appeal.*—In  the  absence  of  an  exception  to a ruling, no question relating thereto is available on appeal.

SAME.—*Exclusion of  Testimony.—Scope of Ruling.*—Where an objection to part of  offered  testimony is  sustained, error can only be predicated upon the ruling within its scope.

Kluse *et al. v.* Sparks.

VERDICT.—*Clerical Error.—Objection to Form.*—The use, in a verdict, of the word "defendant" for "defendants" is not a material defect where it appears that it is a mere clerical error, and that no objection to the form of the verdict was made before the discharge of the jury.

SAME.—*Surplusage.*—An unnecessary finding in a verdict will be treated as surplusage, and it can not be made the basis of available error.

APPELLATE COURT PRACTICE.—*Brief.—Waiver of Errors.*—Alleged errors, which are not, in a proper sense, discussed by the complaining party, will be deemed waived.

INSTRUCTIONS TO JURY.—*Exception.—Practice.*—A general exception to a ruling refusing to give a series of instructions fails if any one of the instructions asked is bad.

SAME.—*Instructions Asked.—Not Duty of Court to Correct.*—It is not the duty of a trial court to modify or correct inaccurate instructions asked by a party.

From the Madison Circuit Court.

*S. A. Forkner* and *F. S. Ellison,* for appellants.
*W. A. Kittinger* and *L. M. Schwinn,* for appellee.

REINHARD, J.—The appellee's complaint in this action is in two paragraphs, the first being in replevin and the second for damages for conversion of 270 bushels of corn in the shock. A jury trial resulted in a verdict and judgment for the appellee.

The facts are these: The appellee conveyed to the appellant Anna L. Kluse a parcel of farm land in exchange for city property and a money consideration. Besides the deeds which passed between the parties there was a written contract setting forth the terms of the trade, as well as the consideration for such conveyances. In neither the deeds nor the written agreement was any mention made of the emblements or growing crops upon said land. The appellee claimed, and introduced evidence tending to prove, that she reserved such growing crops from the transfer, by a parol agreement. This was stoutly denied by the appellants, and, upon this point,

the evidence is sharply conflicting.    The appellants insist, however, that inasmuch as the growing crops were a portion of the realty, no parol contract that may have been made between the parties for their reservation could have been of any validity.    Our cases establish a contrary rule.

Such crops, raised annually by labor, may be sold before they are matured and severed from the soil, by parol, the same as personal property, and no written memorandum is required to make such sale a valid one. They are also regarded as being in the nature of personal property by the statute, which provides that all the emblements and annual crops shall go to the executor or administrator at the death of the owner of the soil, to be inventoried and sold, even though such death occur before the maturity and severance of the crops.    R. S. 1894, sections 2415, 2435.

For these reasons and for the further one that the true and full consideration of a sale of land may always be shown by parol, and as the reservation of the emblements may enter into the consideration for, or constitute an inducement to, the sale, it is held that parol evidence is admissible to prove a reservation of the growing crops or emblements, notwithstanding the rule that such crops, *prima facie*, pass with a sale of the land.    *Heavilon* v. *Heavilon*, 29 Ind. 509; *Harvey* v. *Million*, 67 Ind. 90; *Benner* v. *Bragg*, 68 Ind. 338.

This doctrine is recognized in the later cases.    *Armstrong* v. *Lawson*, 73 Ind. 498; *Hays* v. *Peck*, 107 Ind. 389; *Bailey* v. *Briant*, 117 Ind. 362.

We are of opinion that upon this question the law is with the appellee.    Whether the parol agreement insisted upon actually existed, and whether it was indorsed or authorized by the appellant Anna L. Kluse, or included in the agency of her husband, who seems to have ne-

gotiated the sale for her, were all questions for the determination of the jury.

The court rightly permitted the appellee to introduce evidence of the parol agreement of the reservation of the crops.

The conclusion reached upon the foregoing question disposes of the greater portion of the errors relied upon by the appellant. We shall briefly consider the remaining ones.

On the trial the appellee, while a witness, was asked by her counsel: "Tell the jury whose corn it was."

To which she answered: "It was my corn."

It is claimed that the admission of this testimony was reversible error, because it was allowing the witness to state a legal conclusion, instead of a fact. By reference to the page of the transcript to which appellants' counsel have cited us, we find that the question was objected to for the reason above stated, and was overruled, but we have failed to find where the appellants reserved any exception to such ruling. Hence, if the ruling was error, it is not available to the appellants.

The appellants further complain that their proposed testimony as to the consideration for the sale or barter of the land was excluded. Parol evidence as to the reservation of the crops goes, in part at least, to the question of consideration, and evidence having been introduced upon the subject by the appellee, the appellants were justly entitled to do likewise. If they were denied that right it was error, which, if properly saved, will lead to a reversal. But we do not find that the ruling complained of was in the nature of excluding any testimony of the appellant upon the subject of the consideration. The record shows that appellants' counsel offered to prove "that the consideration was the house at $5,-000 and the balance at the rate of $300 per acre, and

that was the sole consideration, and it has been paid."
Thereupon counsel for appellee objected "to the proof as
to the payment," which objection was sustained.  No
objection seems to have been made to the testimony re-
specting the consideration, but the objection was urged
solely as to the evidence of payment.  Proof of payment
was not material, it being in no manner involved in the
issues.  If, upon the sustaining of appellee's objection
to such evidence of payment, the appellants failed to
elicit from their witness that portion of his testimony
which was directed to the question of consideration, it
can not be attributed to any ruling of the court, for no
ruling seems to have been made upon the subject.  It is
proper to state, however, in this connection, that the ap-
pellants were allowed to give their version fully of all the
conversations that were proved by the appellee upon the
subject of the alleged reservation of the crops.

Appellants at the proper time moved for a *venire de
novo*.  The motion was overruled and an exception
reserved.  It is claimed that the verdict was so uncertain
that no proper judgment could be rendered upon the same.
The verdict is as follows:  "We, the jury, find for the
plaintiff, that she is the owner and entitled to the posses-
sion of the property described in the complaint; that
the defendant unlawfully took and detains the same;
that said property is of the value of fifty dollars, and we
assess the plaintiff's damages at three dollars."

The only objection that appellants' counsel have
pointed out to the verdict is that it purports to find
against only one defendant, without stating which of
such defendants.  The objection is not well taken.  If
the appellants were not satisfied with the form of the
verdict they should have asked the court, before the jury
was discharged, to require the jury to correct it.  It is
evident that the employment of the singular number by

the jury, in designating the appellants, was, at most, but a clerical error. There was nothing in the issues that warranted a finding against one defendant and in favor of the others, nor was there any contention of that kind by the appellants, or any of them, in the trial court. The answers, general denial and affirmative, were all joint in form. In view of these facts the jury were bound to find either for or against all the defendants, and it will not, therefore, be presumed that they intended to find against one only, and in favor of the others. Besides, that portion of the verdict which finds that the property is unlawfully detained by the "defendant" was unnecessary, and may be treated as surplusage. *Crocker* v. *Hoffman*, 48 Ind. 207; *Payne* v. *June*, 92 Ind. 252; *Rowan* v. *Teague*, 24 Ind. 304. The appellants admitted the detention of the property by denying the appellee's claim of ownership set up in the complaint. The only question as to such detention was whether it was lawful or unlawful, and this question was involved in and decided by the finding that the plaintiff was the owner, and entitled to the possession of the property. There was no error in overruling the motion for a *venire de novo*, and for similar reasons there was no error in overruling the several motions of the appellants for judgment on the verdict.

Appellants' counsel also make some complaint of instructions given and refused. The only discussion of this alleged error is an assertion that the court gave all the instructions asked by the appellee, and refused all those asked by the appellants, thereby fully presenting the plaintiff's side of the case and not that of the defendants. No defect is pointed out in any of the instructions given, nor is it shown in the argument of appellants' counsel in what particular those refused were ap-

plicable to the issues, and how appellants were harmed by the refusal of the court to give them, or any of them. Counsel's brief does not even contain a reference by lines and pages to the places where the instructions may be found, nor are we informed what they were, or of what subject they treated. The error, if any, not being in any sense discussed by counsel in the brief, must be regarded as waived. Elliott's App. Proced., section 445.

This disposes of all the questions discussed or touched upon by appellants' counsel, and we have not been able to discover any error for which we think it would be proper to adjudge a reversal.

Judgment affirmed.

Filed March 13, 1894.

### ON PETITION FOR A REHEARING.

REINHARD, J.—We held in our former opinion in this case, that in a conveyance of real estate by deed, the grantor may, by a parol agreement with the grantee, make a valid reservation of crops growing upon such real estate, as a part of the transaction of the sale, and the fact that the deed is silent upon the subject will not deprive the grantor of the right to prove such reservation. This, the counsel for the appellants say, was the turning point of the case, but they now make the sweeping assertion, in their brief, that "if this decision is to stand it overturns all previous decisions upon that question." As we have neither the desire nor the power to establish any rule of law in conflict with the settled adjudications of our highest tribunal, we have diligently searched the learned brief of counsel for a citation of the cases which it is claimed declare a doctrine so diametrically at variance with that enunciated in our former opinion, and were somewhat surprised to find that coun-

sel had not favored us with a single citation in support of their contention, but had dismissed the subject with the bare assertion above mentioned. In our former opinion we cited the cases which we regarded as decisive of the question, and as these have not been explained away nor even alluded to by the learned counsel in his brief, we must necessarily conclude, notwithstanding the assertion of counsel to the contrary, that our determination of the question was proper and right, under the cases cited. And it may be proper to state here that one of the cases cited by counsel in their original brief (*Chapman* v. *Long*, 10 Ind. 465) was expressly overruled in *Harvey* v. *Million*, 67 Ind. 90, while another case cited in such brief (*Heavilon* v. *Heavilon*, 29 Ind. 509) fully supports our conclusion on this question. The only remaining case relied upon was *Turner* v. *Cool*, 23 Ind. 56, and if anything was said there in conflict with our view here, it has been overruled by implication in the later cases cited by us.

It is next urged by appellants' counsel that "the court erred in affirming the judgment of the trial court upon the ground that the question as to the exclusion of evidence offered by the appellants was not properly saved as shown by the record," and counsel think they "can show by an examination or re-examination of the record" that the court was mistaken. The only attempt of counsel to demonstrate this proposition is the statement that if we shall turn to the page of the record to which they refer us, we shall there find "that the question was properly reserved according to the statute in such cases provided." We have looked into the record again at the place designated by counsel, and find it just as we stated in our former opinion. Nothing has been said in counsel's brief to convince us that the proper offer was made to

introduce the evidence which it is claimed was improperly excluded.

It is lastly insisted that we were wrong in holding in our former opinion that the alleged errors in connection with the instructions given and refused, were not discussed in counsel's original brief so as to require a ruling thereon by this court.   In the counsel's original brief the only "discussion" of the instructions is included in the following quotation from said brief:  "Bill of exceptions numbered two contains all the instructions of the court given at the request of the plaintiff and those of its own motion, and also those asked for by the defendants below, in fact all those given and refused.  It will be seen on examination that the instructions asked by the plaintiff were given, and those asked for by the defendants were refused.   In other words, the plaintiff's side of the case was fully presented to the jury, while that of the defendants was not.   The instructions prepared and presented to the court, in due time, by the defendants, as we think, presented the law applicable to the evidence in the cause; and, if in the judgment of the trial court they did not, was it not the duty of the court to at least present the law to the jury as he understood it, or to modify the instructions asked so as to conform to his views of the law.   We leave this branch of the case by respectfully referring the court to the cases and authorities cited on page 8 of this brief."  The only authorities cited in counsel's original brief, at the page referred to, are those Indiana cases already cited by us as having either been overruled expressly or by implication, or as tending to support the rule that the reservation of crops from a sale of land need not be expressed in the deed, but may be proved by parol.   The only additional authority there cited is 3 Washb. on Real Prop.

pp. 338, 339, section 31, which is not in conflict with our own conclusion.

It is not stated in appellants' original brief which of the instructions given are erroneous and which of those refused should have been given, and the reasons therefor, nor is there any reference to the pages and lines in the record where such instructions may be found.

In our former opinion we showed more fully the reasons for our conclusion that the instructions were not properly "discussed." We have, however, at some expense of labor and time, looked up and examined the instructions, and are not able to say that any error was committed in connection therewith.

We think those given presented the law of the case fully and accurately, and those refused, in so far as they were not already embraced in the instructions given, were contrary to the rules of law declared in those given by the court, and these are in full harmony with our own views of the law, as hereinbefore expressed, relative to the subject of the reservation of the crops. It may be further stated here, as an additional reason why no reversible error was committed in the refusal of instructions requested and not given, that the exception to the ruling was taken collectively and not to each ruling separately. The form of the exceptions was that "the court refused to give said instructions, or any of them, to which ruling *in refusing to give said instructions* to the jury the defendant at the time excepted."

If, under this form of exceptions, one of the instructions was bad, the error in refusing the others is not saved.

Several of the instructions refused were clearly bad. It was not the duty of the court to modify such instructions so as to conform to the court's view of the law, but it was the duty of counsel to present accurate instruc-

tions, and no error can be predicated on the failure of the court to make them accurate.

We have thus given this case a second careful consideration, and are still of opinion that there is in the record no available error.

Petition overruled.

