Hamill v. Inventors' Manufacturing Co.

C. Frank Hamill

v.

The Inventors' Manufacturing Company et al.

A grantor is not estopped by his covenant of warranty from enforcing an existing mortgage on the property which is afterwards assigned to him, it having been expressly understood when the deed was made that the property was sold subject to such mortgage, and the consideration having been agreed on with that understanding.

On motion to strike out so much of the answer as reserves exceptions and denies combinations and confederacy, against the provisions of rule 214; also to strike out the entire answer, and for a decree that the mortgage of complainant is a prior lien to that of Blake.

The bill is filed by Hamill to foreclose a mortgage made to him on March 14th, 1894, by the Inventors' Manufacturing

Company, the then owners of the mortgaged premises. The bill then sets out that the premises were formerly owned by Jesse Lake and Daniel L. Risley, and that they, while such owners, on April 16th, 1883, gave a mortgage thereon to Sommers, Robinson and Frambes, to secure the sum of $325; that afterwards, on September 13th, 1888, Messrs. Lake and Risley sold the mortgaged premises to the Inventors' Manufacturing Company by a deed containing a covenant of general warranty; that on April 1st, 1892, Sommers, Robinson and Frambes assigned the above-mentioned mortgage to Lake, one of the former owners, who had joined with Risley in selling the mortgaged premises to the Inventors' Manufacturing Company.

On March 14th, 1894, the Inventors' Manufacturing Company executed a mortgage to the complainant, which mortgage is being foreclosed by the present suit.

On August 17th, 1895, Mr. Lake, the then holder of the first-mentioned mortgage, assigned the same to Mr. Blake.

The bill claims that the mortgage of complainant made on March 14th, 1894, is superior in rank to the previously-executed mortgage for $325, executed on April 16th, 1883.

The theory upon which this claim rests is that Lake had given a general warranty deed to the Inventors' Manufacturing Company; that he afterwards bought this mortgage, which was an encumbrance upon the premises when he gave his deed; that by force of his covenant he would have been estopped from enforcing the mortgage against the grantee under that deed, and that he is now estopped from setting it up as an encumbrance against the second mortgagee, who holds in privity with the original grantee.

The answer to the bill, while admitting the order of the creation of the encumbrances, and the execution of the deed and assignments as stated in the bill, sets up that the mortgage by Risley and Lake to Sommers, Robinson and Frambes was a purchase-money mortgage, and was on record when Hamill made his loan to the Inventors' Manufacturing Company and took his mortgage. It further asserts that the property was conveyed by Risley and Lake to the Inventors' Manufacturing

Company, subject to the Robinson mortgage, and that although the mortgage was not mentioned in the deed, it was expressly understood, by and between the grantors and grantees, that the property was sold subject to the said mortgage, and that the purchase-money agreed upon between the parties thereto was with that understanding.

*Mr. Clarence L. Cole,* for the motion.

*Mr. Allen B. Endicott, contra.*

REED, V. C.

The first objection taken to the answer must prevail, as this part of the pleading is prohibited by rule 214.

The general motion to strike out the entire answer as containing no defence to the facts set up in the bill raises a question of importance.

The ground upon which the mortgage by Lake to Blake (which will hereafter be called the Blake mortgage) is sought to be subordinated to the mortgage made to Hamill by the Inventors' Manufacturing Company (which mortgage will be called the Hamill mortgage), as has been already stated, is that this mortgage having come to the hands of Lake, who had warranted to his grantee, the Inventors' Manufacturing Company, the title of the mortgaged premises, the court will, for the purpose of preventing circuity of action, refuse to Lake the right to sell the property to pay this mortgage, when it appears that the Inventors' Manufacturing Company can turn around and recover the amount of this mortgage by an action upon Lake's covenant of warranty. It insisted that the assignee of Lake and the mortgagee of the Inventors' Manufacturing Company stand in the same position as the original parties. The cases cited in support of the first contention are *Van Riper* v. *Williams et al., 1 Gr. Ch. 407; Union National Bank of Rahway* v. *Pinner, 10 C. E. Gr. 495; Stiger* v. *Bacon, 2 Stew. Eq. 442,* to which may be added the cases of *Woodruff* v. *Depue, 1 McCart. 168; White* v. *Stretch, 7 C. E. Gr. 76; Dayton* v. *Dusenbury, 10 C. E. Gr. 110.*

In each of these cases a purchase-money mortgagee was foreclosing his mortgage, and he had conveyed the mortgaged premises with covenants against encumbrances, while a previous encumbrance remained upon the property. It was held that, in a suit to foreclose his mortgage, he must liquidate the previous encumbrance, or that there should be deducted from the amount due him a sum equal to the amount of the existing encumbrance.

Now, while neither of the mortgages in the present case is a purchase-money mortgage, still the principle upon which the court acted in the cases mentioned is thought by counsel to control in the present instance, for the action of the court in those cases was based upon the principle of avoiding circuity of action. The question is whether the application of this principle will reach the result insisted upon by the counsel of Hamill.

It is to be observed that it is the Blake mortgage which was the encumbrance upon the property at the time that the covenant of warranty was executed by Risley and Lake, and that neither Lake nor his assignee, Blake, is foreclosing the mortgage or bringing an action in ejectment to obtain possession of the mortgaged premises. It is to be observed further that the covenant in the deed of Lake and Risley, to their grantees of the mortgaged premises, is a covenant of warranty of title only. Of this covenant there is no breach until there is an actual or constructive eviction. No right to sue for its breach accrued or would accrue until Blake or his assignee took steps in respect to this mortgage, which would end in the eviction of the owners of the equity of redemption from the mortgaged premises. It is true that in the cases cited it does not appear that, at the time the purchase-money mortgage was foreclosed, there was in operation any proceeding to enforce the previous encumbrance. The encumbrances were either prior mortgages, municipal assessments, judgments or tax liens. But in each of these cases, among the covenants given by the foreclosing mortgagee, was a covenant against encumbrances, which covenant was broken as soon as made, and so the right of action against the mortgagee upon his covenant had accrued at the moment when he began his fore-

Hamill v. Inventors' Manufacturing Co.

closure suit.  This circumstance is not alluded to as a ground of decision in those cases, nor will it entirely reconcile this line of cases with other cases in this court.  I allude to those cases in which it has been held that, in a suit to foreclose a purchase-money mortgage, it cannot be successfully set up that the mortgagee had sold the property with covenants, and that there was an outstanding claim of title, or defect of title, or even an encumbrance.

This doctrine was laid down in the leading case of *Shannon* v. *Marselis, Sax. 413*, decided by Chancellor Vroom.  In that case there was a covenant of warranty.  The chancellor said : " When there is a mere allegation of an outstanding title or encumbrance, the court will not interfere, but leave the party to his remedy on the covenant.  But when there is an eviction or even an ejectment brought, the court will interfere.  In this case the first mortgagee is prosecuting his claim [this was the mortgage which constituted the encumbrance], all the parties are here and justice can be done."

The doctrine laid down in this case was followed in the case of *Van Waggoner* v. *McEwen et al., 1 Gr. Ch. 412*, in respect to an alleged outstanding claim to part of the premises, where there had been no eviction and no action was pending.

The same doctrine was also held in *Long's Administrator* v. *Long, 1 McCart. 462*, and in *Hile* v. *Davison, 5 C. E. Gr. 228*.

In *Jaques* v. *Esler et al., 3 Gr. Ch. 461*, the deed contained covenants of warranty and seizin, and the foreclosure of a purchase-money mortgage was stayed until the determination of an ejectment suit which had been already brought by one claiming a paramount title.  So the rule is entirely established that the allegation of an outstanding title is no defence in a suit to foreclose a purchase-money mortgage, unless there is an eviction or an action to evict actually pending.  And this doctrine has been applied to the existence of an encumbrance, even when there was a covenant against encumbrances.  In *Glen* v. *Whipple, 1 Beas. 51*, where there was a covenant against encumbrances, a claim of dower in the mortgaged premises was held to be no defence in a suit to foreclose.

In the present case, as already remarked, the mortgage which is being foreclosed is not the mortgage which, if enforced, would cause a breach of the covenant of warranty. Blake, the assignee of the last-mentioned mortgage, is quiescent. . He has neither brought an action of ejectment nor a suit to foreclose.

In this condition of affairs no action would lie against Risley and Lake by their grantees, the Inventors' Manufacturing Company, for breach of the covenant of warranty. It would seem, therefore, that the doctrine upon which the first group of cases was decided will not support the present insistence that in this suit to foreclose the last mortgage, the first or Blake mortgage should be subordinated to the Hamill mortgage.

But it remains to consider whether the result sought does not follow from another view of the posture of affairs presented by the pleadings, in view of another rule which had its origin in the desire of courts of equity to prevent circuity of action.

The query suggested is whether, when the interest of the mortgagees in the Blake mortgage fell into the hands of Lake, a joint covenantor with Risley in the grant to the Inventors' Manufacturing Company, the mortgagees' interest did not pass to the Inventors' Manufacturing Company, under the rule that if a man grants land with warranty, and afterwards acquires a title, this after-acquired title inures to the benefit of the grantee. *Gough* v. *Bell, 1 Zab. 157; Moore* v. *Rake, 2 Dutch. 574; Brundred* v. *Walker, 1 Beas. 140; Vreeland* v. *Blauvelt, 8 C. E. Gr. 483; Sugar Refining Company* v. *Mayor of Jersey City, 11 C. E. Gr. 247*.

Under the doctrine of estoppel, which precludes the grantor or his privies from asserting an after-acquired title against a grantee and his privies, it would seem that Lake was estopped from foreclosing his equity of redemption in the land which he had conveyed to the Inventors' Manufacturing Company. It is true that a mortgagee's interest is of an anomalous character. By itself it cannot be conveyed, and a deed made by Lake to the Inventors' Manufacturing Company of his interest as mortgagee would have passed nothing. *Devlin* v. *Collier, 24 Vr. 422*. Nevertheless, I think that his acquired lien, accruing by

his purchase of the mortgage, coalesced with the equity of redemption, and they became merged by reason of the covenant of warranty, and thus conferred a complete title upon the Inventors' Manufacturing Company. The rule that a covenant of warranty, *ipso facto*, passes an after-acquired title of the grantor to the grantee, originally arose from the doctrine already mentioned, viz., the avoidance of circuity of actions. *Moore* v. *Rake, supra*. And in this instance the inchoate counter-right of the covenantee to sue the covenantor upon his warranty of title, and of the covenantor to foreclose the mortgage upon the property of the covenantee, affords a conspicuous instance for the application of the rule. If this view is correct, then the covenant of warranty being one which ran with the lands, the right to sue for any *subsequent* breach, went to the second mortgagee; or, what amounts to the same thing, the after-acquired title of the Inventors' Manufacturing Company was included in the second mortgage executed by it. The only doubt regarding the correctness of the last statement arises from the peculiar character of the mortgagees' interest already mentioned, which obtains to its full extent in this state. It is here held not to be an estate at all, and that the mortgagee gets no title, except such as may be accorded to him for the purpose of collecting the debt for which the mortgage stands as security. For this purpose he can gain possession of the mortgaged premises, after the maturity of the debt, by an action of ejectment. But for all other purposes the legal title is in the mortgagor.

Now, in England, where the legal estate passes to the mortgagee, all covenants which run with the land go to the mortgagee. The mortgagor is stripped of all right to sue upon any covenant of his grantor. Inasmuch as the position of the mortgagor and mortgagee is here entirely reversed, it would seem that the right to sue here was reserved entirely to the mortgagor. But the true doctrine is probably that both are entitled to sue, so far as such suit may be necessary to protect their respective rights. This was the rule laid down by Chief-Justice Shaw in *White* v. *Whitney, 3 Metc. 83*, and although the interest of the mortgagee in Massachusetts is more analogous to his interest

under the law of England than to his interest under ours, yet the reasoning of Chief-Justice Shaw in that case would seem to be entirely applicable to the respective interests of mortgagor and mortgagee here. This rule seems to have the approval of a number of adjudications in this country, collected in the notes to the *Spencer Case, 1 Sm. Lead. Cas. marg. p. 160.*

It would also seem that Blake, the assignee of the late mortgage, must stand in the shoes of his assignor. He took the mortgage subject to all equities between the mortgagor and his privies and the mortgagee and his grantees. Nor do I think that it matters that the mortgage became the property of one only of the two grantors to the Inventors' Manufacturing Company. The two grantors were joint covenantors and were liable to be sued jointly for the entire damages for the breach of the joint covenant. On principle, then, if the title or interest came to either, it would pass to their grantee.

But, assuming all this to be correct, the question presented is not yet decided. A further question remains, whether the answer does not contain a statement which, if true, is a complete avoidance of the estoppel springing out of the covenant. This statement is, that when the property was conveyed by Risley and Lake to the Inventors' Manufacturing Company, it was expressly understood that it was sold subject to the Blake mortgage, and the consideration was agreed upon with that understanding.

It was held in the case of *Pitman v. Conner, 27 Ind. 337,* that a covenant of warranty was not broken by the existence of an encumbrance which the grantor agreed to pay as part of the consideration for the property. The doctrine so announced seems to violate the rule that a deed cannot be varied by parol, for it is difficult to see how, in the face of a covenant of warranty of title, the grantee can be evicted by the enforcement of a previously-existing encumbrance merely because he verbally agreed that this should not be covered by the warranty. But the provability of a similar parol agreement was recognized by the court of errors in this state in the case of *Bolles v. Beach, 2 Zab. 680.* In that case a deed was given with full covenants,

and there was at the time a mortgage upon the property for $1,000. The grantor, who was the obligor upon the bond for the security of which the mortgage was given, was compelled to pay the amount of the bond and mortgage. He afterwards brought suit against the grantee for the recovery of the sum which he had paid, and it was held that he was entitled to prove an agreement by the grantee, made at the time of the sale, that the grantee would discharge the $1,000 upon the premises, the grantee retaining so much of the consideration money as was necessary for that purpose. The court evaded the estoppel arising from the covenants, upon the ground that the agreement was merely collateral to the deed.

In *Wilson* v. *King, 8 C. E. Gr. 150*, it was held in this court that a parol undertaking of a grantee to pay a mortgage upon the premises conveyed would be enforced against him, although his deed contained full covenants.

Now, if the grantor, by virtue of such an agreement, retains a right to recover what he has paid to discharge a previously-existing encumbrance, and if the encumbrance can be enforced against the grantee, then a court of equity would certainly refuse to recognize a right in the covenantee to sue upon the covenant of warranty when it appeared that the breach of such covenant sprang entirely from an encumbrance which the plaintiff had bound himself, by a provable and proved agreement, to pay off, and this, whether such agreement is to be regarded as collateral to the deed itself or not. The covenant, so stripped of its vigor in this respect, could not be efficient to pass to the grantee and covenantee any interest in the encumbrance, although it subsequently became the property of the covenantor.

In my judgment, if the statement in the answer is true, the Blake mortgage retains its priority.

The motion to strike out the answer is refused.